## 32499. LEWIS v. THE STATE.

UNDERCOFLER, Presiding Justice.

1. Lewis was convicted of armed robbery and kidnapping with bodily injury, and a jury, considering as an aggravating circumstance that the kidnapping was committed while Lewis was engaged in an armed robbery, awarded a death sentence for kidnapping and a consecutive life sentence for armed robbery. Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902). The sentences were awarded prior to the recent decisions of the United States Supreme Court in Coker v. Georgia, 433 U. S. —- (97 SC 2861) (1977), and Eberheart v. Georgia, —- U. S. —- (Slip Opinion No. 74-5174, decided June 29, 1977), the latter case holding a death sentence for armed robbery or kidnapping may not be imposed for these crimes under present Georgia statutes where the victims are not killed. Consequently, the death sentence for kidnapping must be set aside. See *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977). Appellant's enumerations of error 7 and 8 are therefore meritorious.

2. The court did not abuse its discretion in denying Lewis' motion for psychiatric evaluation and treatment, where, as here, no special plea of insanity was made to the court. *Chenault v. State,* 234 Ga. 216, 218 (1) (215 SE2d 223) (1975). Testimony at the hearing on the motion that Lewis was a "problem boy," went AWOL from the Army, and was "moody" does not raise an issue of insanity. See *Ross v. State,* 217 Ga. 569, 577 (124 SE2d 280) (1962). Enumeration No. 1 is without merit.

Further, there is no merit to Lewis' second enumeration arguing that a continuance should have been granted during which he could have obtained a psychiatric examination. State witnesses at the hearing on the motion testified appellant's behavior was not unusual during confinement and the allegations of counsel that he was not able to communicate easily with appellant were not a sufficient ". . . showing of diligence or specific actions that remained to be taken . . ." as to warrant a continuance. *Chenault v. State,* supra, Division 4 at p. 222; Code Ann. § 27-2002 (Ga. L. 1893, p. 56).

3. Appellant's counsel was appointed to represent

him by written order of July 5, 1976, and he stated he was actively involved in preparing for the case until trial on July 19, 1976. There was no error in denying a motion for postponement in order to prepare for trial, nor was there denial of benefit of counsel when the state presented a list of witnesses to defendant's counsel the evening before trial where the record shows appellant waived arraignment and made no demand for a list of witnesses until the afternoon before trial. See Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431).

4. In Enumerations 4 through 6, Lewis argues that in the absence of a plea of insanity, a charge on Code Ann. § 26-702 setting forth the general statutory law governing the affirmative defense of insanity was (a) not adjusted to the evidence; (b) an expression of opinion by the trial judge that appellant committed the acts complained of; and (c) was not warranted by the evidence. These contentions are refuted by the testimony of Lewis in admitting he was at the motel at the time in question and he had in his possession the gun introduced into evidence, but he ". . . did not know what he was doing . . ." when he shot off-duty patrolman Whidby in the back after releasing him on a road outside Milledgeville following the robbery at the John Milledge Motel. The state correctly argues this statement can raise the issue of insanity as set forth in Code Ann. § 26-702 and we so hold. Therefore, it was not error to charge that section. It also was not an expression of opinion as to the guilt of the accused for the judge to charge the section. There is no merit to these contentions.

5. Under our holding in Division 1, this case must be remanded to the trial court where the sentence of death for kidnapping must be set aside and a mandatory life sentence imposed by the judge. See Code Ann. § 26-1311 (Ga. L. 1968, pp. 1249, 1282); Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357).

*Judgment affirmed in part, reversed in part. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1977 — DECIDED SEPTEMBER 27, 1977.

*Peugh & Bradley, James E. Peugh,* for appellant.
*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.