368 So.2d 1083 (1979)
STATE of Louisiana
v.
Timothy RICH.
No. 63152.
Supreme Court of Louisiana.
March 5, 1979.
*1084 A. J. Boudreaux, Metairie, 24th Judicial District Indigent Defender Board, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Robert A. Pitre, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.[*]
Defendant, Timothy Rich, was convicted of aggravated rape, a violation of R.S. 14:42. He was sentenced to a term of fifty years at hard labor in the custody of the Louisiana Department of Corrections. Defendant now appeals his conviction and sentence to this court.
Defendant filed twelve assignments of error which he has consolidated into three arguments. He also argues that an examination of the record discloses a patent error.[1] The latter contention has merit. The conviction and sentence therefore must be reversed. For that reason we find it unnecessary to consider defendant's twelve assignments of error.
Defendant purportedly committed the aggravated rape for which he was convicted on August 31, 1977. At that time the statute under which he was later charged, R.S. 14:42, provided that rape, deemed to have been committed without lawful consent because of the presence of certain enumerated circumstances, was aggravated rape and punishable by death. The penalty prescribed, death, rendered the crime of aggravated rape a "capital offense" in the contemplation of the Code of Criminal Procedure. C.Cr.P. 933. R.S. 14:42 was amended by Act 343 of 1977, a law which took effect on September 9, 1977 and provided a new penalty, one other than death. Nonetheless, on the date of the offense, August 31, 1977, aggravated rape was a capital crime in Louisiana. Imposition of the death penalty, however, was not legally available in Louisiana because on July 6, 1976 the United States Supreme Court decided Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), which declared that the imposition and enforcement of the death penalty in aggravated rape cases under the statute at issue in this case constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Furthermore, several months before commission of the crime at issue the United States Supreme Court had rendered its decision in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), in which the death penalty for aggravated rape cases was found to be unconstitutional per se; accordingly, persons prosecuted for aggravated rape in this country could no longer receive the death penalty. Therefore, at the time of the offense in question aggravated rape by state law was a capital crime, yet defendant could not be exposed to the death penalty. The trial judge was thus required to make threshold procedural decisions in connection with the trial of the case.
In analogous situations this court has repeatedly declared that, notwithstanding abolition of the death penalty, upon prosecutions of crimes for which the legislature had prescribed the death penalty, those offenses retained their classifications as capital for the purpose of deciding which procedural rules are applicable. In these cases our court has reasoned that although the death penalty may have been eliminated, the legislature's *1085 classification of crimes as capital for procedural purposes was not impliedly eliminated because a crime is classified according to its gravity and the offenses retained their serious nature. See State v. Rhymes, 284 So.2d 923 (La.1973); see also State v. Holmes, 263 La. 685, 269 So.2d 207 (1972) and State v. Flood, 269 So.2d 212 (La.1972).[2]
Accordingly, this court has required jury sequestration in a "capital" murder case even though, post-Furman, death was not a permissible sentence (State v. Holmes, supra); has held that bail was not available in a post-Furman "capital" murder case where the proof is evident or the presumption great (State v. Flood, supra); has held that bail was not automatically available in a "capital" aggravated rape prosecution (State v. Rhymes, supra); has required jury sequestration in a "capital" aggravated rape trial (State v. Hunter, 306 So.2d 710 (La.1975)); and has unanimously held that a defendant charged with the "capital" offense of murder could not waive trial by jury, and was entitled to juror sequestration and a unanimous verdict (State v. Lott, 325 So.2d 576 (La.1976)). Additionally, Holmes and Flood and succeeding cases were cited with approval in connection with an incidental question in State v. McZeal, 352 So.2d 592 (La.1977).
The foregoing demonstrates that the jurisprudence has been consistent and clearly requires that the trial of a case such as the present one, an aggravated rape committed on August 31, 1977 (at which time the state statute categorized the crime as capital but execution was impermissible because of Selman and Coker), conform procedurally to the requirements applicable to a "capital" prosecution.
In the present case the matter was not tried in accordance with procedural rules applicable to capital prosecutions. The jury was not sequestered, although the defendant requested that this be done; C.Cr.P. 791 requires sequestration in capital cases. The jury was instructed that only ten, rather than twelve, jurors need concur to reach a verdict.[3]
It is clear from our jurisprudence that when the lack of jury sequestration in a capital case is reflected in the court minutes, as in this case, the error is one which is discoverable by a mere inspection of the pleadings and proceedings. See State v. Luquette, 275 So.2d 396 (La.1973).
It is evident, therefore, that the trial judge erred in treating the case procedurally as one less than capital. The state's attempt to distinguish the present case from the earlier cited decisions is unavailing. The mere fact that this case was tried several months after Coker, when the death penalty was invalidated for rape cases, does not permit a departure from the rationale and the rules of the cases cited above. Conformance to the procedures mandated in the trial of capital cases was no less required.
For the foregoing reasons, the conviction and sentence of defendant Timothy Rich are reversed. The case is remanded to the district court for a new trial.
NOTES
[*] Judge Cecil C. Cutrer, Louisiana Court of Appeal, Third Circuit, participated in this decision as an Associate Justice Ad Hoc.
[1] Article 920, C.Cr.P. provides:

"The following matters, and no others shall be considered on appeal:
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
[2] On this point the court has not been unanimous, but the court majority nonetheless has been consistent since the Holmes and Flood decisions in November, 1972. Two justices, Barham and Tate, dissented in Holmes and Flood. The latter two and Justice Calogero dissented in Rhymes. Thereafter, the court has unanimously followed the court majority.
[3] This instruction was wholly improper in a "capital" prosecution such as the instant case; however, the objection of defense counsel was voiced only when the jury returned to the courtroom after having reached a verdict. See State v. Henry, 352 So.2d 643 (La.1977).