376 So.2d 151 (1979)
STATE of Louisiana, Respondent,
v.
Robin Brett POLK, Relator.
No. 65271.
Supreme Court of Louisiana.
October 8, 1979.
*152 John J. Williams, Jr., Indigent Defender Program, Covington, St. Tammany Parish, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion Farmer, Dist. Atty., Kurt Sins, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
TATE, Justice.
The defendant is charged with aggravated kidnapping. La.R.S. 14:44 (1950). The issue before us is whether he is entitled to be released on bail, as the state constitution requires for all non-capital cases. La.Const. of 1974, Art. 1, Section 18.
Aggravated kidnapping is legislatively defined as a capital crime, unless the victim is liberated unharmed. La.R.S. 14:44 (1950). Since (according to the showing) the kidnapping resulted in the rape of the victim,[1] the trial court found that the offense was capital. It therefore denied the accused's right to bail.
The defendant contends that the offense is noncapital because the death penalty was held unconstitutional as excessive under the Eighth Amendment to the United States Constitution, citing Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).[2] The trial court rejected this contention.
We granted certiorari, 373 So.2d 968 (1979), to review this ruling.
In Eberheart v. Georgia, 433 U.S. 917, 97 S.Ct. 2994, 53 L.Ed.2d 1104 (1977), on the same date as it decided that the death penalty for rape is unconstitutional, Coker v. Georgia, cited above, the United States Supreme Court likewise held that the death penalty could not be imposed for aggravated kidnappingunder circumstances generically identical to the present, where the rape of the victim constituted the bodily injury which was the essential element of the capital classification of the kidnapping crime. Eberheart v. State, 232 Ga. 247, 206 S.E.2d 12 (1974).[3] The nation's high tribunal thus held that, if the death penalty is constitutionally excessive for the brutal crime of rape, then for essentially the same reasons it is also unconstitutional for the wrongful conduct of carrying the victim away for the purpose of raping her. (Cf. footnote 1 above.)
The state points out that, nevertheless, the crime of aggravated kidnapping is still legislatively classified as capital in Louisiana, with all the procedural consequences (including non-bailability), even though the death penalty may not be constitutionally imposed. It relies upon the holding to this effect in State v. Rich, 368 So.2d 1083 (La. 1979), and the jurisprudence upon which this decision is based, stemming from State v. Holmes, 269 So.2d 207 (La.1972) and State v. Flood, 269 So.2d 212 (La.1972). See also State v. McZeal, 352 So.2d 592 (La. 1977) and State v. Rhymes, 284 So.2d 923 (La.1973). As we summarized these holdings in Rich, in spite of judicial invalidation of the death penalty, "upon prosecution of crimes for which the legislature had prescribed the death penalty, those offenses *153 retained their classifications as capital for the purpose of deciding which procedural rules are applicable." 368 So.2d 1084.
Nevertheless, these decisions essentially represented merely interim regulation of offenses legislatively classified as capital, pending the legislature's re-evaluation of the classification following judicial invalidation of the penalty. As we noted in Holmes, our holding as to procedural administration in this manner of these legislatively-classified capital crimes was made"at least until the legislative process has reorganized the criminal law and procedure in view of" the judicial invalidation of the death penalty. 269 So.2d 209.
We did not intend by our holdings to permit the constitutional right of bail in non-capital crimes to be indefinitely curtailed by legislative inaction in re-classification or re-regulation in instances where the death penalty provided by a statute is judicially held to be unconstitutional, whether the inaction be through oversight[4] or otherwise; nor did we intend to hold that the constitutional provision requiring bailability could be evaded by arbitrary legislative classification as capital of a crime for which constitutionally no death penalty may be imposed.
Here, on June 29, 1977 the United States Supreme Court in Eberheart had held the death penalty to be unconstitutional for aggravated kidnapping, even though for the purpose of committing a brutal rape. The present kidnapping offense is charged to have been committed on April 25, 1979, almost two years later. The legislature has met in three annual sessions since Eberheart; but (probably through oversight, see footnote 4) it has nevertheless failed to revise the aggravated kidnapping statute insofar as it provides a death penalty invalidated by Eberheart.
Under these circumstances, we do not believe that either legislative inaction, or the judicial interim-regulation of Holmes and its progeny, can deprive the accused of his right to bail when charged with a non-capital offense, as guaranteed to him by Article 1, Section 18, of the Louisiana Constitution of 1974.[5]

Decree
Accordingly, the ruling of the trial court which denied bail to the accused is reversed, and the case is remanded for a hearing to fix bail in accordance with La.C.Cr.P. arts. 311 et seq.
REMANDED, WITH DIRECTIONS.
SUMMERS, C. J., dissents. I would uphold the ruling of the trial judge.
NOTES
[1] The defendant is also charged with aggravated rape of the victim, La.R.S. 14:42 (1978), no longer (since a 1978 amendment) a capital offense. He is thus entitled to bail on this charge.

The kidnapping is classified as "aggravated", La.R.S. 14:44, rather than as far less serious "simple kidnapping", La.R.S. 14:45, solely because the seizure and asportation of the victim was made with the intent to rape her"to force the victim . . . to give up anything of apparent present or prospective value" (i. e., the offender's sexual gratification), La.R.S. 14:44; for the intent to extort is the essential difference between the two crimes. See State v. Dupre, 369 So.2d 1303 (La.1979). Thus the intent to commit the rape, a bailable crime, is the essential element of the present offense which, the state argues, converts the present charge into a nonbailable capital offense.
[2] See our earlier order for an evidentiary hearing as to whether the victim was harmed, but reserving the defendant's right to re-urge unconstitutionality of the death penalty. 371 So.2d 837 (1979).
[3] See also Ga.Code Ann. 26-1311 and such post-Eberheart Georgia decisions as Lewis v. State, 239 Ga. 732, 238 S.E.2d 892 (1977) and Collins v. State, 239 Ga. 400, 236 S.E.2d 759 (1977).
[4] Coker invalidating the death penalty for rape, and Eberheart invalidating (by unarticulated per curiam) the death penalty for aggravated kidnapping, were both decided on June 29, 1977. By Act 343 of 1977 the legislature immediately amended the rape statute, La.R.S. 14:42, so as to eliminate the death penalty; just as it had immediately acted to re-enact and revise Louisiana statutes punishing the crime of murder in the legislative session during or following the United States Supreme Court's invalidation of the death penalty provided by our statutes. Almost certainly, it is merely through oversight that, after Eberheart, the legislature has not accorded similar attention to the death penalty in the aggravated kidnapping statute.
[5] Our narrow holding is limited to the accused's constitutional right to bail under these circumstances. A certain consequence of our holding may be that no capital sentencing hearing, La.C.Cr.P. art. 905 et seq., is required if the accused is convicted; but we do not reach (nor are we presently concerned with) the ex post facto consideration underlying part of the Holmes rationale that, in the absence of legislative change, the accused should not be deprived of (nor benefited by) procedural advantage resulting from the immediate non-capitalization by judicial decree of what the legislature has classified to be a capital offense.