35890. TAYLOR v. THE STATE.

BOWLES, Justice.

Appellant, Harvey Taylor, was convicted of the stabbing death of Jean Ortegas and sentenced to life imprisonment. From the evidence presented, the jury was authorized to find that appellant stabbed the victim in revenge for stealing money and a radio from him. On the evening of the attack, appellant went to the bar, "Snake's Place," in search of the victim. He directed "Snake" to tell her to come out and when she refused, appellant hid behind some bushes to wait for her. When the victim left the bar with some of her friends, appellant attacked, stabbing at her several times. The friends summoned the police and an ambulance. Appellant was picked up that same night walking along a street with the bloody butcher knife in his hand. He was initially charged with aggravated assault but when the victim died ten days later, he was indicted for murder. Though testimony of state witnesses conflicted on the details of which friends left the bar when the victim did and what exactly happened after the stabbing all eyewitnesses agreed that appellant

had stabbed the victim. On appeal, appellant acknowledges the sufficiency of the evidence to convict him but raises five other enumerations of error.

1. Appellant first complains that the trial court erred in denying his motion for psychiatric examination. He had filed his motion the morning of the call of the trial calendar and the trial court held the hearing on it that afternoon. Though appellant now claims that that gave him insufficient time to prepare evidence, no objection was made at the hearing nor any request for further time to prepare. Appellant's attorney stated that he was basing his motion on appellant's "rap sheet" showing a long history of alcohol-related offenses and the fact that the murder was a drastically more serious offense than any of his previous offenses. However, the attorney also indicated to the trial court that appellant had been co-operative and had had no difficulty in communicating with him about the incident. The trial court, basing his decision on these facts, denied the motion for psychiatric examination. We find no abuse of discretion, particularly in light of the fact that no special plea of insanity was filed. See *Lewis v. State,* 239 Ga. 732 (238 SE2d 892) (1977).

2. Appellant next contends that the trial court erred in charging felony murder when the indictment was for malice murder. We find no error. *Sutton v. State,* 245 Ga. 192 (1980). See also *Massey v. State,* 243 Ga. 228, 231 (253 SE2d 196) (1979) and *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976).

3. Appellant asserts that the trial court erred in refusing to require a special verdict of the jury. He wanted the jury to answer questions as to whether it found that two state witnesses had been impeached and, if so, what credibility had been given to the witnesses' testimony. Code Ann. § 27-2301 states: "On the trial of all criminal cases the jury shall be the judges of the law and the facts, and shall give a *general* verdict of 'guilty' or 'not guilty.'" (Emphasis supplied.) The trial judge charged the law on impeachment of witnesses and we find no error in his refusal to submit the requested questions to the jury.

4. Appellant contends the trial court erred in admitting his confession into evidence. The trial court

conducted a Jackson v. Denno hearing prior to the admission of the statements. It was uncontradicted that appellant was read his Miranda rights before he made any statements and that he indicated he understood his rights. Contrary to appellant's assertion, there is no "serious conflict" as to the degree of his intoxication at the time he made his statement. The arresting officer testified that as he was patting appellant down for another weapon, he could smell alcohol and that appellant seemed slightly intoxicated. Five to ten minutes later, the officers interviewing appellant at city hall could not smell alcohol and it did not appear to them that appellant had been drinking. Though the officers could not remember *which* of them had read appellant's statements back to him before he signed it, the testimony was uncontradicted that it was, in fact, read to him. The officers testified that the statements were freely and voluntarily given. The trial court did not err in admitting the statements into evidence.

5. Appellant having shown no error, the trial court did not err in refusing to grant him a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1980 — DECIDED MARCH 18, 1980.

*Dozier, Daniel, Williams & Dasher, J. Robert Daniel,* for appellant.

*W. Donald Thompson, District Attorney, Willis Sparks, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.