### 36065. JONES v. THE STATE.

CLARKE, Justice.

Appellant appeals from his convictions for aggravated assault and for murder. Appellant was sentenced to life imprisonment for murder and ten years for aggravated assault, the latter sentence to run concurrently with the life sentence. Appellant appeals from both convictions. He enumerates as error in regard to the aggravated assault conviction the general grounds that the verdict is contrary to the evidence, against the weight of the evidence, and contrary to the law and principles of justice and equity. He charges five enumerations of error connected with his murder conviction.

1. The aggravated assault charge against appellant was tried to the court in a separate trial from the murder charge. No independent notice of appeal was filed as to this conviction, but errors were enumerated on the general grounds. Aggravated assault is not a capital felony. Code Ann. § 26-1302. Inasmuch as there was no other question in the aggravated assault case over which this court has exclusive jurisdiction under Art. VI, Sec. II, Par. IV of the Georgia Constitution (Code Ann. § 2-3104), this court has no jurisdiction to review the conviction. *Edwards v. State*, 224 Ga. 616 (163 SE2d 823) (1968). Inasmuch as there was no consolidation of the aggravated assault case with the murder case, the two cases being tried separately and separate judgments being rendered, there is no authority for this court to include a review of the aggravated assault judgment along with its review of the murder conviction. *Stephenson v. Futch*, 213 Ga. 247 (98 SE2d 374) (1957). Accordingly, the appeal from the aggravated assault conviction must be dismissed. Even if this were not required, the conviction would have been affirmed because a review of the record reveals that the evidence supported the verdict. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's first enumeration is that the verdict is contrary to the evidence, the verdict is against the weight of the evidence, and the verdict is contrary to law and principles of equity and justice. The testimony in the case revealed that three eyewitnesses observed appellant shoot the victim at point blank range, striking him in the neck. Two of the eyewitnesses saw appellant chase the victim across the street and saw him fire on the victim again as the victim attempted to secure help from a policeman. In view of this eyewitness testimony and in view of the fact that no explanation or mitigating circumstances were offered by appellant, appellant's first enumeration of error is without merit. Jackson v. Virginia, supra; *Lamar v. State,* 243 Ga. 574 (255 SE2d 51) (1979).

3. Appellant contends that the court erred in failing to charge voluntary manslaughter, Code Ann. § 26-1102. Testimony at the trial indicated an argument took place between appellant and the victim. The evidence shows, however, that the argument was initiated by appellant, who accused the victim of attempting to rob appellant's father. There was no evidence of any threat made by the victim, and the testimony showed that although the victim's participation in the argument was loud, it was mainly defensive. In order for an argument to mandate a charge of voluntary manslaughter, it must be of such a nature to excite "a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . ." Code Ann. § 26-1102. Thus, the evidence in the case did not require a charge of voluntary manslaughter. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979); *Lowe v. State,* 240 Ga. 767 (242 SE2d 582) (1978). Further, in the absence of a written request for a charge, it is not error for a court to fail to charge on voluntary manslaughter. *Driggers v. State,* supra; *Bouttry v. State,* 242 Ga. 60 (247 SE2d 859) (1978); *Jackson v. State,* 239 Ga. 40 (235 SE2d 477) (1977); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), cert. denied, 429 U. S. 833 (1976). Inasmuch as neither the defendant nor the state presented the court with a written request to charge on voluntary manslaughter, and inasmuch as there was no evidence which would have mandated such a charge even if a request had been made, there was no error in the court's failure to charge on voluntary manslaughter. Appellant's second enumeration of error is without merit.

4. Appellant also argues that the court's refusal to grant him a psychiatric examination constituted error. The court is under no duty to grant a psychiatric examination in the absence of a special plea of insanity. *Lewis v. State,* 239 Ga. 732 (238 SE2d 892) (1977); *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976); *Holsey v. State,*

235 Ga. 270 (219 SE2d 374) (1975); *Taylor v. State,* 229 Ga. 536 (192 SE2d 249) (1972). Testimony on the part of appellant's counsel that appellant had difficulty "understanding different phases of the law" is not sufficient to establish that appellant was incompetent to stand trial. The trial judge, having observed the defendant at the bench trial of the aggravated assault case and during the lengthy discussion which he had with the defendant in regard to a possible plea to the murder charge, ruled that the defendant was, in his opinion, entirely rational and that he knew exactly what he was doing. Inasmuch as there was no special plea of insanity and inasmuch as the trial judge had observed the defendant's behavior and made his own determination that no psychiatric evaluation was necessary, appellant's third enumeration of error is without merit.

5. Appellant complains that the court erred in making an incorrect charge which was later withdrawn and corrected and in subsequently recharging the jury in order to make certain that the incorrect charge was disregarded. The court charged as follows: "Where one shoots another with a pistol and hits him, the law presumes prima facie that he did it with malice and this presumption — just disregard that statement, ladies and gentlemen. Don't consider it in your deliberations at all in this case." Following the incorrect charge and the correction of it, the court brought the jury back into the jury box and charged them as follows: "Ladies and gentlemen, when the court was charging the jury a few minutes ago you will recall that the court made a statement and then asked you to disregard that statement and not to consider it. I want to be specific what I want you not to consider. In other words, do not consider the statement that the court made wherein I stated: Where one shoots another with a pistol and hits them, the law presumes prima facie that he did it with malice. Completely disregard those words. There is a recent United States court decision that has held that is improper. Therefore, do not consider it in your deliberations in this case." Following this explanation, a juror spoke up to indicate that another juror was having trouble hearing the charge. The court accordingly repeated the correction. Following this correction, the court continued: "I will charge you, however, as follows: A person will not be presumed to act with criminal intention but you, the jury, may find such intention upon consideration of the words, the conduct, the demeanor, the motive, and all other circumstances connected with the act for which the accused is on trial, it being your duty to carefully evaluate all the relevant circumstances in that regard, the question of intent resting finally with you."

"Where an incorrect charge has been called to the jury's attention, and withdrawn from them, and a correct charge given, there is no merit in an assignment of error complaining of the incorrect charge." *Foster v. State,* 230 Ga. 870, 871 (199 SE2d 790) (1973). See also, *Shurley v. State,* 210 Ga. 136 (2) (78 SE2d 27) (1953); *Fraley v. State,* 120 Ga. App. 427 (170 SE2d 729) (1969).

6. Finally, appellant enumerates as error the court's refusal to grant a mistrial following the prosecutor's questioning of a witness as to the origin of the quarrel between appellant and the victim. The witness testified that she first heard about the argument when appellant's father and two brothers came to her home with guns and engaged in a conversation with her regarding the quarrel. "A trial court does not err in admitting evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them." *White v. State,* 242 Ga. 21, 22 (247 SE2d 759) (1978). The conversation containing facts to ascertain motive is relevant and admissible under Code Ann. § 38-302. *Moore v. State,* 240 Ga. 807, 816 (243 SE2d 1) (1978).

The court having found the enumerations of appellant to be without merit, the conviction of appellant for murder is affirmed. Appellant's appeal from his conviction for aggravated assault is dismissed, this court having determined that it has no jurisdiction over the matter.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 21, 1980 — DECIDED
JULY 1, 1980.

*Thurbert E. Baker,* for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.