## 65803. McNEIL v. THE STATE.

BANKE, Judge.

In this appeal from his conviction of two counts of forgery in the first degree, the defendant contends that the evidence was insufficient to support the jury's verdict and that his petition for a psychiatric examination was erroneously denied. *Held:*

1. The state's evidence authorized the jury to find that the defendant and a co-indictee took certain checks belonging to Henry County Ceramic Tile Company and filled them in using the company's check-writing machine. The defendant had been em-

ployed by the company for about a week, and the evidence showed that he had access to both the checks and the machine during a period just prior to the utterance of the stolen checks. The defendant was apprehended when his co-indictee attempted to cash one of the checks described in the indictment. At that time, the defendant had in his possession two other checks belonging to the company, and these had also been imprinted by the company's check-writing machine. The co-indictee, testifying for the state, described the defendant's participation while admitting his own culpability. This evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt. See generally *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528) (1980). Defendant's contention that he was convicted on the uncorroborated testimony of his accomplice is patently without merit.

2. The defendant contends that the trial court abused its discretion in denying his motion for a psychiatric examination made on the date of trial, although he concedes that there was insufficient indication of mental incapacity to support a special plea of insanity. The motion was primarily based upon information that the defendant had been hospitalized in Florida for chronic alcoholism and schizophrenia some two years prior to the offenses being tried, information of which counsel had been in possession of for several weeks prior to trial.

"[T]he trial judge has the inherent right to investigate the sanity of an accused before trial . . . This, of course, does not mean that investigation is mandatory, even if there be some reason to question sanity." *Taylor v. State,* 229 Ga. 536, 538 (192 SE2d 249) (1972). "The court is under no duty to grant a psychiatric examination in the absence of a special plea of insanity." *Jones v. State,* 246 Ga. 109 (4) (269 SE2d 6) (1980). We find no abuse of discretion, particularly in light of the fact that no special plea of insanity was filed. See *Taylor v. State,* 245 Ga. 501 (1) (265 SE2d 803) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided February 24, 1983.

*James P. Brown, Jr.,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.