## 71667. WEST et al. v. THE STATE.
(342 SE2d 756)

SOGNIER, Judge.

Appellants were convicted of burglary and appeal.

1. Appellants contend the trial court erred by denying their motion for a directed verdict of acquittal, because the State failed to prove an essential element of the offense of burglary, namely, unlawful entry. This enumeration of error is without merit.

The evidence disclosed that John Johnson (unrelated to appellant Johnson) returned to his home from work and found that his home had been burglarized. Entry was gained by kicking the back door off its hinges; the door had been secured with a dead bolt and was also nailed shut. Several stereos, power tools, a microwave oven and many other items had been taken in the burglary. About ninety percent of the items were recovered from an area between two nearby houses where they had been carried by appellants. Appellants had been observed by a neighbor placing the items where they were found; additionally appellant James F. Johnson brought some power tools to the home of a friend. Appellants had no authority to enter John Johnson's house, and no authority to take any items out of his house.

This evidence established clearly that there was an unlawful entry into John Johnson's house. We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellants contend it was error to deny their motion for a new trial based on the ground that their attorney, who represented both appellants, had a conflict of interest after a State witness gave testimony tending to absolve appellant West. This issue was not raised either at trial or in appellant's motion for a new trial, and it is well settled that this court will not consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 13, 1986.

*Allen W. Johnson*, for appellants.

*Sam B. Sibley, Jr., District Attorney, Wayne P. Thigpen, Charles R. Sheppard, Assistant District Attorneys*, for appellee.