A89A0069. SCOTT v. THE STATE.
(380 SE2d 288)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)); no driver's license (OCGA § 40-5-20); driving on the wrong side of the road (OCGA § 40-6-40); leaving the scene of an accident (OCGA § 40-6-270); and, no insurance (OCGA § 33-34-12). *Held:*

1. Defendant's first two enumerations of error contend the State failed to present sufficient evidence that defendant was the driver of one of two vehicles involved in a head-on collision. Witness Williams was driving immediately behind the second car involved in the collision, driven by Schaaf. After the collision witness Williams quickly ran to Schaaf's car to check on her condition. At that point witness Williams saw the defendant standing behind the open driver's door of the vehicle that had run head-on into the car driven by Schaaf. Witness Williams also stated that defendant approached Schaaf, as a passenger in defendant's vehicle ran from the scene, and defendant told Schaaf, " 'I hope you have good insurance.' " Witness Williams told the defendant that he (defendant) was the one who needed insurance. The defendant then turned and ran from the scene. Subsequently, defendant, Thornton (a passenger in the vehicle driven by defendant), and Levant, the owner of the vehicle driven by defendant, were transported to the scene by a police officer. At the scene, Thornton stated to a police officer that he was in the car with defendant and that defendant had been driving. At trial, Thornton denied having told the police that the defendant was driving and that neither he nor defendant had been in the vehicle or closer than a nearby conve-

nience store.

We find that the evidence was sufficient to enable any rational trier of fact to find proof beyond a reasonable doubt that defendant was the driver of the vehicle which collided with the vehicle driven by Schaaf. The evidence supported the verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The proof that defendant was driving is supplied by the prior inconsistent statement of Thornton and corroborated by the testimony of Williams. See *Brown v. State*, 175 Ga. App. 246 (1), 247 (333 SE2d 124) and *Weeks v. State*, 187 Ga. App. 307 (1), 308 (370 SE2d 344).

2. Defendant also enumerates as error the trial court's charging the jury as to the affirmative defense of alibi. However, following defendant's objection to the alibi charge, it was withdrawn by the trial court and the jury told to disregard the complained-of charge. Under these circumstances there was no merit in an enumeration of error complaining of the withdrawn charge. *Jones v. State*, 246 Ga. 109, 111 (5), 112 (269 SE2d 6).

Defendant's further argument in connection with this enumeration of error suggesting improper comments to the jury by the trial court are not supported by the record which contains neither factual predicate nor indication of any objection at trial regarding these additional issues. *West v. State*, 178 Ga. App. 275 (2) (342 SE2d 756); *Morrison v. State*, 181 Ga. App. 440, 443 (352 SE2d 622).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 21, 1989 —
REHEARING DENIED MARCH 13, 1989 — 

*Barry R. Brown*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.