27373. METTS v. EASTERS.

ARGUED SEPTEMBER 11, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellant.
*Knight & Perry, W. S. Perry,* for appellee.

MOBLEY, Chief Justice. Earnest Metts appeals from a judgment granting a permanent injunction against him in an action brought by Perry G. Easters.

The parties are coterminous landowners, and the issue between them was the location of the boundary line between them. Their deeds call for the original land lot line between Land Lots 370 and 371 as the dividing line. The jury found with the contention of Easters that an old fence marked the dividing line by acquiescence.

1. The first error enumerated is that the trial judge erred in overruling the appellant's motion for a directed verdict.

(a) It is contended by the appellant that the complaint was brought by the appellee to enjoin the appellant from

interfering with the appellee's surveyor who was attempting to establish the east original lot line of Lot 371; that the parties thereafter agreed to permit both parties to have such surveys made as they desired, and the court entered a consent order pursuant thereto; and that the equitable issue had thus become moot.

The appellee's complaint, as amended, sought the determination of the boundary line between the parties. The fact that the issue as to some of the injunctive relief sought had become moot by the time of the trial did not entitle the appellant to a directed verdict, since disputed issues remained for determination by the jury.

(b) There was no evidence of an official survey establishing the original land lot line between Lots 370 and 371, and there was no undisputed evidence as to where the original line ran. One witness for the appellee testified that an old fence, which the appellee claimed was the dividing line, was there in 1928. The appellee acquired his property in 1940, and the appellant acquired his in 1965. The appellee testified that the old fence was there when he acquired his property and that he maintained the fence, and exercised acts of ownership of the property to the fence.

Under the evidence it was a question of fact for the jury whether the fence had been established as a boundary line between the appellee and predecessors in title of the appellant by acquiescence for a period of seven years. *Dye v. Dotson,* 201 Ga. 1 (39 SE2d 8); *Gee v. McDowell,* 209 Ga. 265 (71 SE2d 532).

The trial judge did not err in refusing to direct a verdict for the appellant.

2. The second enumerated error is that the court erred in overruling the appellant's motion to strike the amendment to the complaint filed by the appellee, alleging acquiescence in an old fence as the boundary line. The only argument made as to this enumerated error is that the evidence was insufficient to show title by acquiescence. There is no merit in this enumerated error.

3. Enumerated error 3 asserts that the court erred in al-

lowing a witness who was not a surveyor to testify as to where the original land lot line ran.

This witness testified that he had accompanied a surveyor in 1928 who ran the land lot lines in the vicinity of the property now owned by the parties, and that he had assisted in clearing the land for the survey. The question and answer were: "Q. Now, your testimony is that this line was coming right in by that old big post that was located there? A. Right close on the line—"

This witness was not purporting to testify as to where the original land lot line was located, but only his observation of where the line run by the surveyor in 1928 came, and the testimony was not subject to the objections made to it.

4. Enumerated errors 4 and 5 contend that the court erred in allowing the appellee to introduce in evidence two right of way deeds, over the objection in each instance that it was prematurely offered, and counsel had the right to cross examine the witness concerning the document.

Counsel for the appellant was given full opportunity to cross examine the witness identifying the deeds at the close of the direct examination, and the only objection raised was the introduction of the documentary evidence prior to cross examination.

"The manner and extent of a cross examination are, to a certain extent, within the control and subject to the discretion of the presiding judge, but the substantial right should neither be abridged nor denied." *News Publishing Co. v. Butler*, 95 Ga. 559 (2) (22 SE 282).

The exhibits were duly recorded deeds and prima facie admissible in evidence. *Code* § 29-415. No abuse of discretion by the trial judge is shown in not allowing cross examination of this witness concerning these exhibits until the direct examination was concluded.

5. Enumerated error 6 contends that it was error to allow the introduction in evidence of a drawing made by a witness for the appellee, a surveyor, over the objection that it was not accurate, and was irrelevant.

The appellant argues that the drawing may have been proper for illustration purposes, but it was error to allow it in evidence.

The drawing was a rough sketch of the property now owned by the appellant, as shown by a deed of one of his predecessors in title. The surveyor testified that he accurately marked the distances called for in the deed, but that the magnetic bearings were not shown because they were not given in the deed. The judge allowed the drawing in evidence "for showing the footage but not for showing anything else."

There was no error in allowing this diagram in evidence. *Western & A. R. Co. v. Stafford,* 99 Ga. 187 (3) (25 SE 656).

6. Enumerated error 7 asserts that the court erred in admitting in evidence an exhibit of the appellee, a plat of survey, over the objection that it was based on hearsay in that the surveyor stated that it was based upon a railroad map which was not in evidence, and not admissible in evidence.

The plat was not introduced as an official survey, or as presumptive evidence of the facts set forth in it. The testimony of the surveyor showed that he had made the plat from the best information available to him, and it was admissible to illustrate his testimony. *Durden v. Kerby,* 201 Ga. 780 (2) (41 SE2d 131); *Pressley v. Jennings,* 227 Ga. 366, 374 (180 SE2d 896).

7. The other errors enumerated have not been argued, and are considered as abandoned.

*Judgment affirmed. All the Justices concur.*