## 52121. GRAHAM v. THE STATE.

BELL, Chief Judge.

Defendant was originally convicted of voluntary manslaughter and sentenced to confinement for five years. On appeal the conviction was reversed because of an instructional error. *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477). After a new trial, the defendant was again convicted, but the trial judge on resentencing increased the confinement to ten years. The defendant enumerates as the only error the increased sentence. *Held:*

North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) set forth the standards by which a trial judge may constitutionally impose a more severe sentence after another conviction following a successful appeal. Pearce requires that the court must include in the record an affirmative statement of reasons for the more severe sentence and those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence proceeding. The trial judge did set forth reasons in his order but none of those reasons was based on the defendant's conduct which *occurred* after the imposition of the first sentence. Accordingly, we reverse with direction that the sentence to ten years be vacated and defendant be resentenced in accord with the requirements of North Carolina v. Pearce, supra. *Anthony v. Hopper,* 235 Ga. 336 (219 SE2d 413).

*Judgment reversed with direction. Clark and Stolz, JJ., concur.*

SUBMITTED MAY 3, 1976 — DECIDED JUNE 8, 1976.

*J. Cleve Miller,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.