## 59693. TAFT v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offenses of kidnapping and rape. Defendant appeals contending that the trial court erred in denying his motion for new trial. *Held:*

1. The usual general grounds of the motion for new trial are deemed abandoned inasmuch as there is no argument or citation of authority raised which is relevant to such issues. Rule 15 (c) (2); Code Ann. § 24-3615 (c) (2).

2. Due to the absence of any special plea of insanity, the

defendant's request for a psychiatric examination lay within the discretion of the trial court, and the trial court did not abuse its discretion by denying the request. *Lewis v. State*, 239 Ga. 732 (2) (238 SE2d 892); *Holsey v. State*, 235 Ga. 270, 272 (3) (219 SE2d 374); *Coffee v. State*, 230 Ga. 123, 124 (1) (195 SE2d 897).

3. Defendant contends that the trial court erred in denying his motion for change of venue based on allegedly prejudicial pretrial publicity. In order to support a finding that he did not receive a fair trial, defendant "must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." *Street v. State*, 237 Ga. 307, 311 (1) (227 SE2d 750). See also Murphy v. Florida, 421 U. S. 794 (95 SC 2031, 44 LE2d 589).

Defendant does not contend that there was actual prejudice shown in the jury selection process, but argues that there is a "reasonable likelihood" that the setting of the trial was prejudicial. See in this regard Sheppard v. Maxwell, 384 U. S. 333, 363 (86 SC 1507, 16 LE2d 600). Unlike the Sheppard case in which the press created a "carnival atmosphere" through numerous sensationalized reports, the defendant in this case has shown only three newspaper articles as the basis of his contention of prejudicial pretrial publicity. The quantum of pretrial publicity shown in this case is much less than that in the leading cases where the setting of the trial was held to be inherently prejudicial. See Sheppard v. Maxwell, 384 U. S. 333, supra; Rideau v. Louisiana, 373 U. S. 723 (83 SC 1417, 10 LE2d 663), and Estes v. Texas, 381 U. S. 532 (85 SC 1628, 14 LE2d 543). The publicity shown in the case sub judice was not of sufficient magnitude as would be reasonably anticipated to create an inflammatory general atmosphere in the community or the courtroom. Therefore, defendant has failed to show any abuse of discretion by the trial court in denying his motion for change of venue. Such matters rest largely in the discretion of the trial court, and no abuse of discretion having been shown, the contention that the trial court erred in denying defendant's motion for change of venue is without merit. *Street v. State*, 237 Ga. 307, 311 (1), supra; *Shinholster v. State*, 150 Ga. App. 221 (257 SE2d 342); *Allen v. State*, 235 Ga. 709, 712-713 (221 SE2d 405); *Jarrell v. State*, 234 Ga. 410, 415 (2) (216 SE2d 258).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED MAY 9, 1980.

*A. Frank Grimsley,* for appellant.

*Gary Christy, District Attorney,* for appellee.