61324. PRESSLEY v. THE STATE.

POPE, Judge.
Roy Johnson Pressley appeals his conviction of armed robbery.
1. In his first enumeration appellant contends that the trial court erred in overruling his motion for new trial on the following general grounds: (a) the verdict was contrary to the evidence and without evidence to support it; (b) the verdict was decidedly and strongly against the weight of the evidence; and (c) the verdict was contrary to law and the principles of justice and equity. However, since this enumeration is not supported by either argument or citation of authority, we deem it to have been abandoned. Court of Appeals Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)); *Taft v. State,* 154 Ga. App. 566 (1) (269 SE2d 69) (1980).
2. Appellant's second enumeration asserts error in allowing

testimony regarding his participation in prior criminal activity. However, we are cited to no objection to such testimony in the transcript. Accordingly, we are unable to consider this enumeration of error. Court of Appeals Rule 15 (c) (3) (Code Ann. § 24-3615 (c) (3)). "A search of the lengthy record similarly fails to disclose the raising of an objection to the admission of the evidence. Absent such an objection, no error may be urged on appeal." *Birge v. State,* 143 Ga. App. 632, 637 (239 SE2d 395) (1977). See generally *Justice v. Dunbar,* 152 Ga. App. 831 (264 SE2d 301) (1979).

3. The first trial of this case ended in mistrial when the jury was unable to reach a verdict. At the second trial appellant was found guilty and sentenced to 10 years. Appellant's motion for new trial was granted, however, when it was discovered that the jury had not been properly sworn as required by Code Ann. § 59-709. Upon retrial of the case for the third time, the jury returned a verdict of guilty but appellant was sentenced to serve 15 years. Appellant's third and fourth enumerations of error challenge the validity of this more severe sentence.

"There is no absolute constitutional bar to imposing a more severe sentence upon resentencing, but vindictiveness must not be the motivating force behind the increased sentence. North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) [(1968)]." *Anthony v. Hopper,* 235 Ga. 336, 337 (219 SE2d 413) (1975). "In order to assure the absence of such a motivation . . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." North Carolina v. Pearce, supra at 726.

At appellant's sentencing hearing the trial court stated, "Now, there has been some mention that you have been tried before another judge and previously sentenced. Any sentence imposed by this court is not based upon any sentence imposed by some other judge. I'm basing your sentence strictly upon the record and the facts and circumstances of this case." In its order denying appellant's motion for new trial, the trial court found "that subsequent to the original sentencing on January 30, 1980, [appellant] was incarcerated in the state penitentiary along with Charles Harry Pierce, [appellant's] codefendant in [this] case, who had pled guilty and testified against [appellant] in each of the first two trials. The evidence adduced at the last trial authorized a finding that [appellant], while in prison with

his accomplice Pierce after the original sentencing, had knowingly induced Pierce to sign false affidavits which purported to exonerate [appellant] of any criminal responsibility in the armed robbery which formed the basis of [this case]; and had knowingly attempted to obtain perjured testimony from Charles Harry Pierce which would have falsely pointed to [appellant's] innocence. The court so finds and expresses these findings as justification for a more severe sentence than was originally imposed."

This finding by the trial court satisfied the requirement in Pearce that there be a showing that the harsher sentence was not vindictive but based upon identifiable conduct on the part of appellant which occurred after his original sentencing. Accord, *Thompson v. State,* 154 Ga. App. 704 (5) (269 SE2d 474) (1980). Since the trial court affirmatively set forth the reasons for the more severe sentence and those reasons were based upon appellant's conduct which occurred after the imposition of the first sentence, we find appellant's final enumerations of error to be without merit. See *Graham v. State,* 138 Ga. App. 846 (228 SE2d 9) (1976).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MAY 26, 1981.

*C. Crandle Bray, Donald M. Comer,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Assistant District Attorney,* for appellee.