63174. WATSON v. THE STATE.

SOGNIER, Judge.
Watson was convicted of simple battery. On appeal he contends the trial court erred by overruling his motion for a mistrial because the jury was tainted, and by overruling his amended motion for a new trial. Appellant presented no argument or citation of authority on the

enumeration alleging error in denial of his motion for a new trial. Therefore, it is deemed abandoned. *Taft v. State,* 154 Ga. App. 566 (1) (269 SE2d 69) (1980); Rule 15 (c) (2); Code § 24-3615 (c) (2).

In regard to the first enumeration of error, after the state had rested its case the defense counsel learned that after members of the jury were impanelled and evidence had been presented, the jurors may have been exposed to information about the case in newspaper articles and other news media reports on radio and television. Therefore, the trial court questioned each juror separately to determine what information, if any, the jurors had seen or heard about the case in the news media while the trial was in progress. Based on information disclosed by the jurors, appellant moved for a mistrial on the ground that the jury was tainted. The motion was denied by the trial court and Watson contends such denial was error. We do not agree.

The defense introduced two newspaper articles about the case into evidence, one from the Atlanta Journal and one from the Atlanta Constitution. The front page of the "Blue Streak" edition of the Atlanta Journal contained a large headline that read: "Watson Could Face Perjury Charges." An article beneath the headline indicated that Watson had approached two undercover narcotics investigators and asked them to lie for him (appellant) at his trial. The Atlanta Constitution in question contained an article on page 12-C with a heading that read: "Billy Watson Trial Delay Is Granted." The article stated that attorneys for Watson obtained a trial delay after learning that two of their key witnesses would testify against Watson. The article also stated that the witnesses would testify they were not present when the fight giving rise to this trial occurred, and that Watson was aware of this when he asked the two men to testify for him (Watson).

Thirteen jurors, including an alternate juror, were impanelled for the trial of the case. In response to questioning by the trial court, several jurors stated they had seen the headlines in either the Journal or Constitution but did not read the articles about the trial. Some of the jurors had heard something on radio or television but did not listen to it and had no recollection of anything that was said about the trial. None of the jurors had discussed the case with other members of the jury or any other person. When asked by the trial judge, the jurors stated either that they had no fixed opinion about the case or were completely impartial and could remain impartial. Based on this information, the trial court concluded the jury was not tainted and denied the motion for a mistrial.

Appellant relies on *Maltbie v. State,* 139 Ga. App. 342 (228 SE2d

368) (1976), wherein this court held that denial of a motion for a new trial was error because the jury was tainted from exposure to news media accounts of the trial. However, in *Maltbie* several jurors watched a television news report of the trial; a number of jurors purchased newspapers and read a first-page article on the trial; and one juror had a telephone conversation with a person who was not a member of the jury. In the instant case, no juror had read the articles in question and no juror had listened to television news reports of the trial, although two jurors indicated they heard something on radio or television but did not listen to it.

We also pointed out in *Maltbie* that our research disclosed cases where a juror's reading a newspaper, watching television or hearing the radio did *not* constitute reversible error. In *Shaw v. State,* 83 Ga. 92, 99 (9 SE 768) (1889) our Supreme Court stated: "There are many things which can be done by individual members of the jury, or by the whole jury, which are susceptible of such clear explanation that the trial judge would be authorized in refusing to set the verdict aside." This same principle was restated in *Styles v. State,* 129 Ga. 425, 431 (59 SE 249) (1907), and we believe it is applicable in the instant case. The trial judge meticulously questioned each juror as to anything he had seen, heard, read or discussed about the case after the jury was impanelled and trial had commenced. Although some jurors had seen headlines and two jurors heard something on television or radio but did not listen to it, no juror had read any article about the case and most of them could not recall even what the headlines said. All jurors stated they were impartial and were not affected by anything they saw or heard. We believe that under the circumstances each juror gave such a clear explanation of what he had seen or heard, and was so obviously unaffected by such material, that the trial court was correct in denying appellant's motion for a new trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 21, 1982.

*Walter Moore Henritze, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.