63406, 63407, 63408, 63409, 63410, 63411, 63412. MORRIS v. THE STATE (seven cases).

POPE, Judge.
Donna Morris appeals her convictions of possessing sawed-off shotguns (case nos. 63406 and 63409), violating the Georgia

Controlled Substances Act (case nos. 63407, 63411 and 63412), and theft by receiving stolen property (case nos. 63408 and 63410). *Held:*

1. Appellant's first three enumerations of error are supported neither by argument nor by citation of authority and are deemed abandoned. Court of Appeals Rule 15(c)(2) (Code Ann. § 24-3615 (c)(2)); *Pressley v. State,* 158 Ga. App. 638(1) (281 SE2d 364) (1981).

2. Appellant's fourth enumeration cites as error the trial court's overruling her motion to suppress. The record discloses that appellant sought to suppress evidence discovered as a result of warrantless searches of both her Toyota automobile and the motor home in which she resided with her husband. However, since both of these motor vehicles were shown to have been stolen, appellant lacked standing to complain of the searches. *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294) (1974); *Brinks v. State,* 232 Ga. 13 (3) (205 SE2d 247) (1974).

3. Appellant contends that a certified copy of a Tennessee application for a motor vehicle certificate of title and registration was erroneously admitted into evidence because the State failed to show that the person who certified the copy had possession or custody of the original thereof. Code Ann. § 38-630 (b) provides that "the nonjudicial records or books kept in any public office of any State, . . . or copies thereof, may be proved or admitted in evidence in any court . . . in this State when certified under the hand and seal (if any) by the officer or other official having custody or possession of the original thereof, and shall be given . . . full faith and credit. . . ."

The document in question was certified as a true copy by a deputy to the County Court Clerk for Hamilton County, Tennessee. The testimony showed that this document had been obtained at the office of the County Court Clerk in Hamilton County, Tennessee. Therefore, the document was properly admitted under Code Ann. § 38-630 (b). See *Speight v. State,* 159 Ga. App. 5 (1) (282 SE2d 651) (1981).

4. Evidence that appellant failed to appear in court after having posted an appearance bond was admissible to show flight. See *Johnson v. State,* 148 Ga. App. 702 (1) (252 SE2d 205) (1979). Evidence that appellant was the subject of an extradition hearing in South Carolina was admissible for the same purpose. *Johnson v. State,* 120 Ga. 135 (1) (47 SE 510) (1904); *Blocker v. State,* 58 Ga. App. 560 (2) (199 SE 444) (1938). Finally, "[i]t is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury.*" *Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890) (1978).

5. Appellant cites as error the trial court's denial of her motion for directed verdict of acquittal in case no. 63410, theft by receiving stolen property. In this case appellant was alleged to have had in her possession a stolen 1979 Toyota automobile, VIN RT134026916. The evidence at trial showed that the subject Toyota had been stolen from a South Carolina Toyota dealership on September 6, 1979. On August 20, 1979 appellant had applied for a Tennessee tag for a 1978 Toyota, VIN RT85045705. The subject 1979 Toyota was discovered at appellant's place of residence on October 7, 1979. At that time, the Tennessee tags issued for the 1978 Toyota were discovered attached to the subject 1979 Toyota. This evidence, in conjunction with the evidence of appellant's flight, did not demand a verdict of acquittal. Code Ann. § 27-1802.

6. Appellant also cites as error the trial court's denial of her motion for directed verdict of acquittal in case no. 63408. In this case appellant was alleged to have had in her possession a stolen motor home. Appellant contends that there was no evidence imparting any guilty knowledge to her that the subject motor home had been stolen.

In this case the tag receipt purportedly issued for the subject motor home was in the name of appellant's husband only. The evidence showed that the motor home had been stolen on May 24, 1979. Appellant was shown by photographs to have occupied the motor home since at least early August, 1979. She was arrested in the motor home in October, 1979. Although the motor home had a General Motors serial number, it had a Dodge chassis under it. Appellant's husband presented to the police an Alabama tag receipt purportedly showing the registration of the motor home; however, the tag receipt was issued for a pickup and the VIN thereon was inconsistent with any found on the motor home. The VIN on the chassis had been partially obliterated. Although still current, the motor home's South Carolina safety inspection sticker had been peeled off and placed in a drawer in the kitchen area.

" 'Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man.' " *Hudgins v. State,* 125 Ga. App. 576, 578 (188 SE2d 430) (1972). Viewing the foregoing evidence in this case, again in conjunction with the evidence of appellant's flight, we conclude that the question of appellant's knowledge that the motor home had been stolen was for the jury.

7. Two sawed-off shotguns were admitted into evidence without objection. The testimony showed that appellant, at her husband's request, retrieved these guns from the motor home where they both were living. The guns were loaded when they were turned over to the

police. Therefore, the trial court did not err in denying appellant's motions for directed verdicts of acquittal in case nos. 63406 and 63409, possessing sawed-off shotguns. See *Carson v. State,* 241 Ga. 622 (247 SE2d 68) (1978).

8. Appellant's final enumeration cites as error the trial court's failure to direct a verdict of acquittal in those cases where contraband was found inside the motor home. She bases this enumeration upon the legal presumption that, where a husband and wife jointly occupy the same residence, the house and all household effects (including contraband) belong to the husband as head of the household. This presumption, however, has been declared unconstitutional. *Knighton v. State,* 248 Ga. 199 (2) (282 SE2d 102) (1981). Therefore, this enumeration has no merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1982 —
REHEARING DENIED JULY 16, 1982.

*Roger R. Auman, Jr.,* for appellant.
*David L. Lomenick, District Attorney, Roland L. Enloe, Jr., Herbert E. Franklin, Assistant District Attorneys,* for appellee.