A04A1563. BUCKLEY v. THE STATE.
(606 SE2d 581)

BARNES, Judge.

Jerry Buckley, pro se, appeals from his theft by receiving stolen property conviction. Buckley raises numerous enumerations of error, including insufficient evidence supporting his conviction, ineffectiveness of counsel, and errors in the admission of evidence by the trial court. For reasons that follow, we affirm Buckley's conviction, but vacate his sentence and remand this case to the trial court with direction that a misdemeanor sentence be entered.

1. " 'On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. (Cit.)' [Cit.]" *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows

---

that two burglars broke into the victim's home and removed a safe containing jewelry, including a pendant with a gold half Krugerrand coin surrounded by diamonds. After stealing the safe, the burglars took it to Buckley's home, where they opened the safe with a pry bar and divided the contents of the safe between them. An expert witness testified that a crowbar seized from Buckley's home made the pry marks found on the victim's safe after it was recovered.

The burglars gave some of the jewelry to Buckley. A few days later, Buckley pawned the pendant at a pawn shop in Miami. The pawn shop's paperwork for the pendant included Buckley's name, driver's license information, and his right thumb print. The victim testified that the pendant recovered from the pawn shop was hers and that it had a value of $3,500 to $5,000 at the time of the theft. The victim did not, however, explain how she arrived at this value.

We find this evidence sufficient to prove theft by receiving stolen property under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Ayers v. State*, 164 Ga. App. 195, 196 (1) (296 SE2d 772) (1982).

However, we further find there was insufficient evidence to support the felony sentence Buckley received under OCGA § 16-8-12 (a) (1). This Code section provides that a person convicted of theft by taking "shall be punished as for a misdemeanor except . . . [i]f the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years. . . ." The State concedes in its brief that it failed to properly prove the value of the pendant based on the following rule:

> Purchase price alone is not a sufficient criterion of value and the mere statement that the value of a thing is a certain sum without stating the reasons for this conclusion lacks probative value.

(Citations omitted.) *Pate v. State*, 158 Ga. App. 395, 396 (2) (280 SE2d 414) (1981).

2. Buckley claims the trial court erred by reopening the evidence after jury deliberations had begun in order to allow the State to admit the stolen pendant into evidence after the jury asked to see it. According to Buckley, the chain of custody was broken with regard to the pendant when it was returned to the victim and the trial court should not have reopened the evidence. We find no merit in this enumeration. First, the State was not required to establish chain of custody since the pendant "was a distinct and recognizable physical object which could be identified upon mere observation." *Attaway v. State*, 259 Ga. App. 822, 827 (3) (578 SE2d 529) (2003). Second, "[e]ven after jury deliberations have begun, the trial court, in the

sound exercise of discretion, may reopen the evidence and allow the admission of new evidence." (Citation and punctuation omitted.) *Gardner v. State*, 263 Ga. 197 (2) (429 SE2d 657) (1993).

3. Buckley asserts the trial court erred by admitting State's Exhibit 6, a drawing made by the victim of a jeweler's mark on the stolen pendant. According to Buckley, this drawing should have been excluded because the victim relied upon hearsay to establish that the jeweler put this mark on her pendant and its admission violated the best evidence rule. We find no merit in this enumeration. The drawing made by the victim merely depicted the mark on her pendant that she observed personally. See *Metts v. State*, 229 Ga. 754, 756-757 (5) (194 SE2d 450) (1972); *Ruff v. State*, 150 Ga. App. 238, 239 (2) (257 SE2d 203) (1979).

4. Buckley contends the trial court erred by limiting the scope of his post-trial evidentiary hearing to the issue of ineffectiveness of counsel. The record shows that this Court remanded Buckley's previous appeal for an evidentiary hearing on his claim that he received ineffective assistance of counsel. At the beginning of the hearing, the trial court reminded Buckley, who was representing himself pro se, that the only issue before the court was the ineffectiveness of his trial counsel and Buckley agreed. Buckley also acknowledged that he understood that he could raise any other issues raised in his motion for new trial on appeal. In his current brief to this Court, Buckley fails to assert what other evidence he sought to introduce in the hearing and how the trial court's failure to allow him to present other evidence has prejudiced him. Under these circumstances, we find no error in the trial court's conduct of the evidentiary hearing on Buckley's claim of ineffective assistance of counsel.

5. In his remaining enumerations of error, Buckley asserts he received ineffective assistance of counsel in numerous ways.

The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation and punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

(a) Buckley contends his counsel was ineffective for abandoning the claim that the indictment was defective for failing to "describe or name the item for which the Appellant was convicted." The indictment in this case described the stolen property as "a Kruggerand [sic] gold coin pendant that belonged to [the victim]. . . ." As this indictment sufficiently described the stolen property, we find no merit in this enumeration. See *Martin v. State*, 179 Ga. App. 551, 552 (2) (347 SE2d 247) (1986).

(b) Buckley claims his counsel should have moved to suppress the gold pendant from evidence because the chain of custody had been broken and the police seized it illegally from the pawn broker. As we have previously noted in Division 1, the State was not required to establish a chain of custody for the pendant. As a result, counsel was not ineffective for any failure to object on this ground.

With regard to the pendant's illegal seizure, Buckley must establish "a 'strong showing' that the evidence would have been suppressed had a motion to suppress been filed." (Citation omitted.) *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994). Trial counsel testified that he "thought it would be a waste of the court's time to have a suppression hearing." The trial court concluded that "[t]rial counsel was not ineffective for conceding that the charm was not subject to suppression, since there was no chance of prevailing on such a motion under the facts presented." As we agree with both trial counsel and the trial court's assessment of the merits of a motion to suppress under the facts presented, trial counsel was not ineffective for failing to pursue a motion to suppress. See *Morris v. State*, 163 Ga. App. 118, 119 (2) (293 SE2d 866) (1982) (defendant lacked standing to complain of search of stolen motor home in which she resided).

(c) Buckley argues his counsel should have contested venue at trial because he "had control of the charm in Miami, Florida, and not in Glynn County where the trial was held." We find no merit in this enumeration because the evidence also showed that Buckley received the pendant in Glynn County. As there was sufficient evidence of venue, counsel's performance was not deficient for failing to raise the issue of insufficient venue at trial. *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002) (no deficient performance in failing to move for a directed verdict when evidence sufficient to support conviction).

(d) Buckley asserts on appeal for the first time that his trial counsel was ineffective for failing to request a jury charge on the defense "of claim of right." Since Buckley failed to raise this particular claim of ineffectiveness below, we cannot consider it for the first time on appeal.

> Our law requires that a claim for ineffective assistance of counsel must be raised at the earliest practical moment. This rule requires that a claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on a motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

(Citations and punctuation omitted.) *Clay v. State*, 232 Ga. App. 541, 542 (2) (502 SE2d 267) (1998).

(e) Buckley's remaining claims of ineffectiveness all relate to the felony sentence he received as a recidivist under OCGA § 17-10-7 (c). As we have already vacated Buckley's felony sentence in Division 1 of this opinion, these enumerations of error are rendered moot.

*Judgment affirmed and sentence vacated; case remanded with direction. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 21, 2004 —
RECONSIDERATION DENIED NOVEMBER 17, 2004.

Jerry Buckley, *pro se.*
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.