### 13391.   BAZEMORE *v.* THE STATE.

The plea in abatement, on the ground that one whose name appeared on the indictment as a grand juror was not on the grand-jury list of the county, and therefore was not competent to serve as such, should have been sustained, under the facts of the case.

         Decided May 9, 1922.

Assault with intent to murder; from Screven superior court — Judge Strange. January 31, 1922.

*Boykin & Hollingsworth,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.

LUKE, J. Upon the return of the indictment in this case the defendant filed a special plea in abatement, which alleged, among other things, that one J. A. Jenkins, whose name appeared on the indictment as a grand juror, was not a qualified or competent juror, for the reason that his name was not on the grand jury list of Screven county, and did not so appear at the time he was summoned for service, or at the time of his service; and that the defendant did not have an opportunity to challenge the service of this juror, who was irregularly drawn and sworn, prior to the return of the indictment, as his presence and service as a grand juror were unknown to the defendant until after the indictment was returned into court. The proof introduced in support of the plea sustained the allegations of fact made therein. The court, however, overruled the plea in abatement, upon the ground that the defendant was under bond, he having been arrested prior to the finding of the indictment, and that no objection was made to any of the grand jury before the indictment was returned.

Under the particular facts of this case, it was error to overrule the special plea in abatement. The defendant had no notice, prior to the return of the indictment, that the person challenged was serving as a grand juror or had been sworn as such. He had notice only as to who were the regularly drawn and sworn jurors. The court having erred in overruling the plea in abatement, the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*