## 50812. WELLS v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted for murder, tried and convicted of voluntary manslaughter. His motion for new trial was overruled and appeal was taken to this court.

*Held:*

The sole enumeration of error relied upon in the defendant's brief is that the trial judge "erred in overruling appellant's motion for a mistrial on the grounds that the State put the character of the appellant in issue before appellant did by allowing a State's witness to testify about an incident which occurred the first of October [according to testimony "the latter part of August"] when appellant knocked his wife down in the street." The homicide with which the defendant was charged occurred on October 11, 1973.

"Upon the trial of one charged with murder it was permissible to introduce a peace warrant the deceased had procured against the accused shortly before the killing since it showed motive, and the fact that it might also have incidentally shown bad character did not render it inadmissible." *Wyatt v. State,* 220 Ga. 867, 868 (3) (142 SE2d 810); *Josey v. State,* 137 Ga. 769 (1) (74 SE 282). "When a husband is on trial for the alleged murder of his wife, evidence tending to show a long course of ill treatment and cruelty on his part toward her, continuing until shortly before the homicide, is admissible. Such evidence tends to show malice and motive, and to rebut the presumed improbability of a husband murdering his wife." *Cobb v. State,* 185 Ga. 462, 464 (4) (195 SE 758). See *Lindsey v. State,* 135 Ga. App. 122. "Evidence showing bad feeling between the defendant and the deceased is ordinarily admissible in a homicide trial, even though the evidence relates to an incident which occurred several years before the homicide." *June v. State,* 213 Ga. 311, 317 (99 SE2d 70). See *Vun Cannon v. State,* 208 Ga. 608, 612 (68 SE2d 586).

The enumeration of error is without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED JUNE 25, 1975 — DECIDED
JULY 15, 1975.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph Drolet, R.*

*David Petersen, Assistant District Attorneys,* for appellee.