### 54388. MORRIS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for aggravated assault. The sole enumeration of error is addressed to the failure to declare a mistrial after some allegedly prejudicial testimony. The victim, defendant's wife, after answering a question propounded by the prosecuting

attorney, volunteered that defendant was "mean" and "beat me up." She added "I took a lot of beatings off that guy." This occurred after she had given testimony that, two months prior to the shooting which was the basis of the aggravated assault charge, the defendant had beaten her and threatened her with a pistol.

The defendant contends the testimony placed his character in issue by imputing to him the commission of crimes wholly independent from the one for which he was tried. *Held:*

In homicide cases "[p]revious difficulties between the defendant and the deceased, which give color and effect to the transaction under investigation and shed light upon the motives of the parties, are competent evidence." *Coleman v. State,* 141 Ga. 737, 739 (82 SE 227); *Scott v. State,* 214 Ga. 154 (103 SE2d 545). Evidence is admissible which shows other attempts to perpetuate the same offense on the same victim. *Robinson v. State,* 62 Ga. App. 355 (1) (7 SE2d 758); *Barber v. State,* 95 Ga. App. 763, 764 (98 SE2d 575); *Cox v. State,* 165 Ga. 145 (139 SE 861); *Wright v. State,* 184 Ga. 62, 70 (8) (190 SE 663); *Fowler v. State,* 189 Ga. 733 (2) (8 SE2d 77).

Furthermore, the statement here made, unsolicited, came after the witness had already described previous similar acts by the defendant. It was not reversible error to fail to declare a mistrial. See *Waters v. State,* 122 Ga. App. 808, 810 (178 SE2d 770) and cits. See also *Jones v. State,* 139 Ga. App. 643, 645 (229 SE2d 121); *Waldrop v. State,* 221 Ga. 319 (4) (144 SE2d 372).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 3, 1977 — REHEARING DENIED NOVEMBER 3, 1977.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Nat Hancock, District Attorney, L. Elizabeth Lane, Assistant District Attorney,* for appellee.