## 59684. HAYGOOD v. THE STATE.

DEEN, Chief Judge.

The defendant was tried and convicted of an aggravated assault upon his wife, who had been beaten senseless, suffered an episode of amnesia, and was unable to testify to anything that happened from before she left work on the day in question until after she had been taken to the hospital at about 4 a.m. of the following morning. The assault took place on December 10, 1978. The defendant appeals from the overruling of his motion for new trial.

1. The court allowed the victim to testify over objection that she and the defendant were married in September, 1976; that he assaulted her in a jealous fit in November, 1976, broke her nose, and she had to drive herself to the hospital; that the attacks frequently happened when the defendant was drunk; that in July, 1978, he attacked her during a pregnancy, that her arm was cut and she again had to drive herself to the hospital; that after an attack in April, 1978, she left him, but returned. She also detailed other assaults during the two years of her marriage, including threats that he was going to come to her place of business and kill her.

Evidence of other criminal transactions is relevant and admissible where they represent a prior "course of conduct pointing toward and leading to the crime or to the concealment of the crime or to the identity of the perpetrator." *Spurlin v. State*, 228 Ga. 2, 5 (183 SE2d 765) (1971). In the same way, evidence of other crimes is admissible where it shows prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged, as tending to prove malice, intent or motive. *Natson v. State*, 242 Ga. 618, 620 (250 SE2d 420) (1978); *Lindsey v. State*, 135 Ga. App. 122 (2) (218 SE2d 30) (1975); *Wright v. State*, 184 Ga. 62, 70 (190 SE 663) (1937). "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977). Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the "other of-fenses" rule on questions of both identity and motive. See *Morris v. State*, 143 Ga. App. 713 (240 SE2d 99) (1977); *Wells v. State*, 135 Ga. App. 421, 422 (218 SE2d 131) (1975). This testimony was admissible, nor, since it dealt with illegal conduct, did the court

commit error in referring to the prior assaults as "other crimes" in his instructions to the jury.

2. The chief county medical examiner, who had on prior occasions been called upon to determine the cause of injury to living victims, testified that he had examined the pattern of injuries, that this was not consistent with any type of accident that he could think of; that the blows appeared to have been inflicted at approximately the same time, judging from appearance, color, and degree of tissue reaction; that he had examined a ring (established as having been worn on the defendant's left hand) and compared it with one of the injury patterns on the left side of the jaw of the victim, and the measurement, size and shape of the injury was "consistent with having been caused by an object such as this ring." After describing the ring in detail he said specifically: "On the injury on the left side of her cheek there are two linear abrasions where the superficial layer of the skin is scraped off, and the central area is not abraided, and that particular type of injury is consistent with [a] ring such as this where it would not be so with a ring that was solid, rounded back such as the back side of this ring. A ring such as [that] creating an injury would leave a single bruise, but an object such as this ring that has a design in the lateral margin, different elevation and different type in the central aspect, then as this object strikes the skin we will find that the central aspect oftentimes is not injured where the lateral margins are injured." Additionally, a photograph of the defendant's wife as it appeared in the bruised condition was introduced in evidence, and the witness discussed the bruises and cuts shown in relation to the bony structure of the face. The objection that no foundation had been laid to allow the witness to conclude that certain marks on the victim's face were consistent with having been caused by the defendant's ring is obviously not well taken. Nothing in *Hammond v. State,* 156 Ga. 880 (2) (120 SE 539) (1923) requires a different result; that case does not deal, as this does, with the analysis of physical injuries. Cf. *Holt v. State,* 147 Ga. App. 186 (3) (248 SE2d 223) (1978). The court exercises a sound discretion in determining the qualifications of expert witnesses. *Brown v. State,* 140 Ga. App. 160, 163 (230 SE2d 128) (1976).

3. In the main body of instructions the court defined circumstantial evidence in the language of Code § 38-102 (that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed). After the jury had retired the foreman returned and requested that the judge again define circumstantial evidence, and this definition was repeated. This was excepted to on the ground of incompleteness in that the court did not repeat other instructions given in chief, such

as that in a case dependent upon circumstantial evidence the proof must exclude every other reasonable hypothesis save that of guilt, and that "the burden is upon the State to prove to the exclusion of every other reasonable hypothesis" that the defendant is guilty. As we understand the question, it did not go to the quantum of circumstantial evidence necessary but only its definition, and this was repeated exactly. We have examined the charge as a whole and find no way in which it could have been misunderstood. The jury asked no further questions, and the recharge clearly supplied the definition requested. Cf. *Williams v. State,* 151 Ga. App. 765, 766 (261 SE2d 487) (1980).

4. The defendant left his wife in the early evening of December 10 to wash his car. According to his own testimony he then went to a tavern where he remained drinking with friends until approximately 4 a.m. the following morning. When he called the victim's mother to tell her his wife had been attacked, she arrived on the scene within about five minutes, found her daughter unconscious and called the police. The defendant meanwhile, stating he might know who did it, left, got in his car, and drove from his home in DeKalb County to the Alabama border. He then placed a telephone call, learned that his wife was living and in the hospital, and returned, arriving at about 2 p.m. of the same day. His explanation was that he had seen two men in the parking lot, that they had an Alabama license on the car, and that he had set out to find them. The victim's injuries were indeed such that the perpetrator might have thought they would be fatal— severe bruises on the head, face, chest, posterior chest, diaphragm, and areas between the thighs. She remained in a coma, with severe seizures, for a period of 24 hours; in intensive care for four days, and in the hospital a total of seventeen days. She had six generalized seizures while in the emergency department, with no previous history of epilepsy, which the medical witness classified as secondary to the trauma.

The evidence, although circumstantial, was ample to support the verdict and to sustain a finding that there was in fact an intent to murder as evidenced by the severity of the beating. Further, fists, so used, may constitute a weapon likely to produce death. *Finch v. State,* 98 Ga. App. 480 (106 SE2d 86) (1958); *Ellis v. State,* 137 Ga. App. 834 (2) (224 SE2d 799) (1976).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED APRIL 7, 1980 — DECIDED MAY 2, 1980 —
REHEARING DENIED MAY 15, 1980 —

J. *Melvin England,* for appellant.
M. *Randall Peek, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.