## 60784. SHERROD v. THE STATE.

POPE, Judge.

Charles Edward Sherrod appeals his conviction of simple battery and intentionally pointing a pistol at another without legal justification. We affirm.

1. Appellant contends that the trial court erred in questioning one of his witnesses as to the policy of the Atlanta Police Department concerning custody disputes because that manner of questioning intimated the court's opinion that a kidnapping had occurred. However, "[w]here appellant asserts error and no objection is made at the trial [,] it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal." *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8) (1976). Since no objection to the court's inquiries was raised at trial, appellant's first enumeration is without merit.

2. In his second and third enumerations of error appellant contends that the trial court "erred in allowing the State to go into the collateral issue of custody and other collateral issues over objection" and "in allowing testimony of alleged violent or criminal conduct of the appellant." However, we are cited to no portions of the record in substantiation of these contentions. See generally Court of Appeals Rule 15(c) (Code Ann. § 24-3615(c)).

Our review of the transcript reveals that appellant objected to

the relevancy of the victim's testimony relating to the previous physical attack she had suffered at the hands of appellant. However, since appellant was accused of battery, evidence which showed prior acts of violence on the part of the appellant toward this victim was admissible. *Morris v. State,* 143 Ga. App. 713 (240 SE2d 99) (1977). The transcript disclosed no objections by appellant relating to "the collateral issue of custody or other collateral issues." Therefore, Enumerations Nos. 2 and 3 are not meritorious.

3. The trial court instructed the jury as to the custody of an illegitimate child. At appellant's request the court recharged the jury as to custody rights to a child which had been legitimated. Appellant argues in his fourth enumeration that the charge and recharge were "irrelevant" and "incorrect as a matter of law."

In his recharge the trial court instructed the jury that the question of custody was "not a matter for you to be concerned with or determine." We agree. Since the issue of custody was at most a collateral matter not directly related to the crimes with which appellant was charged, the trial court's charge as to custody was an "inapplicable instruction."

"It is never error to give an inapplicable instruction if the court gave the correct rule of law and the irrelevant charge could not reasonably be calculated to prejudice the complaining party or mislead the jury. [Cit.] Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case." *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 505 (244 SE2d 78) (1978). In light of the trial court's instruction that the jury was not to concern itself with the issue of custody, it is highly probable that the "inapplicable instruction" relating thereto did not prejudice appellant or mislead the jury and any error resulting from its inclusion in the charge of the court was harmless. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

4. Viewing the evidence in the light most favorable to the State, we conclude that any rational trier of fact could have found the essential elements of the crimes of simple battery and pointing a pistol beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130 (5) (259 SE2d 71) (1979). Therefore, appellant's fifth enumeration of error is meritless.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 4, 1981.

*Andrew Bips,* for appellant.

*Hinson McAuliffe, Solicitor, George Weaver, Leonard Rhodes, Assistant Solicitors,* for appellee.