62043. BERNARD v. THE STATE.

QUILLIAN, Chief Judge.
Tried for murder of one person and aggravated assault of another, defendant appeals his conviction for aggravated assault. *Held:*

1. Error is enumerated because it is alleged the trial court prevented defendant from conducting a thorough and complete cross examination of the state's principal witness, the victim of the aggravated assault of which defendant was convicted.

During direct examination the witness testified, without

objection, that the alleged murder victim never carried a gun and was very religious and easy going. On cross examination, defendant's counsel was not permitted to ask the witness if he knew that the murder victim had been arrested for auto theft. Defendant argues that because the state had opened the subject of the murder victim's character, he had the right to show that his character was not good, and also to impeach the credibility of the witness' testimony concerning the victim's character.

Generally the character of a deceased victim is irrelevant except where the character is violent and turbulent and self defense is raised. *Robertson v. State,* 124 Ga. App. 119 (1) (183 SE2d 47). In this case self defense was not raised, the character of the victim was not shown to be violent or turbulent, and the issue of his character was mooted when defendant was acquitted of the alleged homicide.

As to impeachment, "[a] witness may be impeached by disproving facts testified to by him." Code Ann. § 38-1802. Here the portion of the witness' testimony attempted to be impeached was that the alleged murder victim did not carry a gun and was religious and easy going. The trial court did not err in refusing to permit defendant to cross examine the witness on whether he knew that the victim had been arrested for auto theft because such evidence would not disprove "the facts testified to" by the witness.

Accordingly, there is no merit in this enumeration.

2. The remaining enumeration claims error because the trial court repeatedly charged that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts. It is argued that this was a burden shifting instruction condemned by Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) and was misleading.

The charge was: "[E]very person is presumed to be of sound mind and discretion, but this presumption may be rebutted . . . [Y]ou may infer that the acts of a person of sound mind and discretion are the product of his will, and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his act . . . [W]hether or not you make any such inference is a matter solely within your discretion as jurors . . . [I]ntent is an essential element of any crime and must be proved by the state beyond a reasonable doubt . . . [A] person will not be presumed to act with criminal intentions, but the trier of facts may find such intentions or the absence thereof upon a consideration of the words, conduct, demeanor, motive and all other circumstances connected with the acts for which the accused has been prosecuted." A portion of this instruction was repeated in connection with the intent to kill required for the murder of which defendant was acquitted.

We find no error. The instruction was not misleading and "[t]his was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden shifting." *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1981.

*Tommy Chason,* for appellant.

*Lewis R. Slaton, Jr., District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Wendy Shoob, Assistant District Attorneys,* for appellee.