## 39040. JESTER v. THE STATE.

MARSHALL, Justice.

Ike Jester, Jr., appeals from his conviction of malice murder and his life sentence.

1. The appellant first contends that there was insufficient evidence as to the cause of death to support a conviction of murder, because the only witness who testified as to cause of death was not properly qualified as an expert at the trial, in that this witness — though referred to as "doctor" throughout the trial by counsel for both sides — was not shown to be a medical doctor.

The witness — a medical examiner with the State Crime Laboratory — testified as to his qualifications, including bachelor's and master's degrees in biochemistry; three years of post-graduate training in anatomy, histology, physiology and pathology; over eight years' employment with the crime laboratory under the direction and supervision of its director and assistant director; performance of approximately 700 post-mortem examinations; and giving testimony in the state courts approximately 500 times. Following this, defense counsel stipulated that the witness was an expert.

Furthermore, "[t]o qualify as an expert (see Code § 38-1710), generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study. [Cits.] Formal education in the subject at hand is not a prerequisite for expert status." *Bowden v. State,* 239 Ga. 821, 826 (3) (238 SE2d 905) (1977), cert. den. 435 U. S. 937 (1978). Acceptance or rejection of the qualifications of a proffered expert witness is within the sound discretion of the trial judge and will not be disturbed on appeal absent manifest abuse. *Brown v. State,* 245 Ga. 588, 589 (1) (266 SE2d 198) (1979). Moreover, " 'One who is not an expert or practicing physician may, after describing the wound, give his opinion that it caused death.' [Cits.]" *Reece v. State,* 208 Ga. 165 (2) (66 SE2d 133) (1951).

Given the witness' precise qualifications, it is unlikely that the jurors were led to believe that he was in fact a medical doctor from the references to him as "doctor." Finally, that a stab wound penetrating

entirely through the heart causes death, is not a matter in the common experience of the human race which should even require expert testimony.

This enumerated error is without merit.

2. The appellant next contends that it was harmful and reversible error to allow testimony as to an alleged prior (within a year) altercation between the defendant and the victim, as this testimony improperly tended to place the defendant's character in evidence and was otherwise prejudicial to the defendant, and the failure of defense counsel to object to such testimony deprived the defendant of due process.

Not only did the appellant's counsel's failure to object to this testimony constitute a waiver of this issue on appeal (*Timberlake v. State,* 246 Ga. 488, 495 (271 SE2d 792) (1980)), but also the appellant himself testified as to such altercation.

Moreover, even if such an objection had been made, the testimony would have been admissible to shed light on the state of feelings between the accused and the deceased and to show motive, even though it incidentally placed the defendant's character in issue. *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980); *Boling v. State,* 244 Ga. 825, 828 (5) (262 SE2d 123) (1979); *Gunter v. State,* 243 Ga. 651, 656 (3) (256 SE2d 341) (1979). This is true even though the evidence relates to an incident which occurred several years before the homicide. *Barnes v. State,* 157 Ga. App. 582 (1) (277 SE2d 916) (1981), citing, inter alia, *June v. State,* 213 Ga. 311 (99 SE2d 70) (1957).

This enumerated error is without merit.

3. The appellant further contends that he was deprived of a fair trial and due process of law by not having been adequately advised of his right not to give testimony which would tend to incriminate him, nor advised that his refusal to testify would not be a matter which the jury could consider against him.

At the court's invitation, the appellant's own attorney explained to the appellant that he had a constitutional right to remain silent and that the burden would then be on the state to prove his guilt beyond a reasonable doubt. Moreover, the appellant earlier had heard the prosecutor explain to the jury that it could consider only the evidence admitted at trial in reaching its verdict. The appellant stated in open court that he understood his constitutional privilege and wished to testify. He will not now be heard to complain that this was not an informed decision.

This enumerated error is without merit.

4. Finally, the appellant contends that the evidence compelled a charge on the lesser included offense of involuntary manslaughter,

notwithstanding the absence of a written request therefor. "[I]n the absence of a written request, failure to charge the lesser included offenses of voluntary or involuntary manslaughter is not error. [Cits.]" *Foster v. State,* 248 Ga. 409, 410 (1) (283 SE2d 873) (1981).

Moreover, the failure of defense counsel to make a written request for this charge did not deprive the appellant of due process, as he contends. In the instant case, the trial court did not err in refusing to charge the jury under Code Ann. § 26-1103 (a), because the unlawful act engaged in by the appellant was aggravated assault, a felony. Code Ann. § 26-1302. Nor would a charge under Code Ann. § 26-1103 (b) have been authorized, since there was no evidence of any lawful act committed by the appellant when he caused the unarmed victim's death. *Boling v. State,* 244 Ga. 825, supra, 826 (1).

This enumerated error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

Williams, Corbeil, Grantham & Walker, George L. Williams, Jr., for appellant.

Willis B. Sparks, III, District Attorney, Michael J. Bowers, Attorney General, Victoria H. Soto, Staff Assistant Attorney General, for appellee.