65237. McCLAIN v. THE STATE.

QUILLIAN, Presiding Judge.

Indicted and tried for murder, defendant appeals his conviction for voluntary manslaughter. *Held:*

1. The general grounds are enumerated.

It is contended that the conviction for voluntary manslaughter cannot stand because there was no evidence to show that defendant killed the victim "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation" (Code Ann. § 26-1102); and that the evidence was also insufficient to show that the defendant did not strike the victim in self defense.

The evidence authorized the jury to find that defendant was

drinking with Clark and his wife and other friends at Clark's house on a Saturday night. After a few hours, the victim, also a friend of Clark, arrived and was drinking with them. After the victim arrived, he interfered with the girl friend of another guest and, without provocation, twice threatened to cut defendant with his knife but was stopped from doing so by Clark. The victim and defendant then got into another argument outside of the house which resulted in the victim again threatening defendant with his knife and defendant striking the victim in the head several times with a piece of pipe. The victim eventually died as a result of the injuries to his head.

We find this evidence sufficient for the jury to infer that defendant struck the victim as the result of a sudden, violent and irresistible passion resulting from serious provocation.

The issue of self-defense rested on the credibility of the testimony of defendant, which was for the jury to decide. In addition, the medical evidence was that the victim was struck more than once in the back of the head which was inconsistent with the claim of self-defense. We find the evidence sufficient to authorize the jury to find that defendant did not act in self-defense.

Considering all of the evidence, it is enough to permit a rational jury to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The jury was charged on involuntary manslaughter in accordance with Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276), which is causing the death of another without intent to do so by the commission of an unlawful act other than a felony. Error is asserted because the court did not also charge on involuntary manslaughter by the commission of a lawful act in an unlawful manner, Code Ann. § 26-1103 (b). We find no merit in this assertion.

Defendant made no specific requests to charge, written or oral, nor was any objection made or reserved to the omission of the charge being complained of when the court offered the opportunity. Absent a written request to charge, the trial court did not err in failing to so charge. *Robinson v. State,* 150 Ga. App. 642 (4) (258 SE2d 294); *Ivie v. State,* 151 Ga. App. 496 (5) (260 SE2d 543).

"[E]numerations (relating) to deficiencies in the jury instructions which were not raised or reserved by appellant after the trial judge made specific inquiry concerning objections to the charge . . . are, therefore, deemed waived under *White v. State,* 243 Ga. 250 (253 SE2d 694)." *Fletcher v. State,* 157 Ga. App. 707 (7), 709 (278 SE2d 444).

3. The third enumeration has no merit.

4. The trial court did not err in refusing to grant a new trial on the grounds of newly discovered evidence. Other than the language of

defendant's amended motion for a new trial there is nothing in the record to support the motion. Mere assertions of counsel are not sufficient to meet the six requirements for a new trial based on newly discovered evidence as set out in *Timberlake v. State,* 246 Ga. 488 (1), 491 (271 SE2d 792).

5. Nor did the trial court err in refusing to admit evidence of the victim's conviction for aggravated assault on someone other than the defendant to show the victim's propensity for violence.

When self-defense is asserted, evidence of the violent and dangerous character of the deceased, known to the defendant, is admissible. *Milton v. State,* 245 Ga. 20, 24 (262 SE2d 789). However, "the general reputation or character of the deceased for violence cannot be established by proof of prior specific acts of violence. [Cits.]" Id. at 22.

6. The sixth enumeration has no merit.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 31, 1983.

*H. B. Edwards III,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.