## 66751. GRESHAM v. THE STATE.

POPE, Judge.

Milton Gresham appeals from a jury verdict finding him guilty of simple battery and denial of his motion for new trial. He was sentenced to twelve months on probation and a fine of $150. At trial the state presented only one witness, the prosecutrix Gloria Heard, who testified that on the night of May 28, 1981 Gresham came to her residence where she was reading in bed and beat her with his fists. Ms. Heard, who had been Gresham's girl friend for 17 years and was the mother of his twelve-year-old son, was allowed to testify as to three other instances occurring between 1975 and 1982 when she suffered unprovoked physical attacks by Gresham. Upon objection by the defense the jury was instructed that these incidents were to be considered only to show the identity, motive, plan, scheme, bent of mind or general conduct of Gresham.

Gresham, who was the sole witness in his own behalf, testified that Ms. Heard had called him on May 28, 1981 requesting that he come to her residence, and upon his arrival attacked him without provocation with a butcher knife and a steak knife, while their son was bathing and getting ready for bed. He contended that her injuries were occasioned by her falling on an ashtray while he was scuffling with her to defend himself. Defense counsel attempted to elicit testimony from Gresham as to prior acts of violence against him by Ms. Heard and, upon objection by the state, the trial court limited this examination to the incident at bar and those instances of similar conduct alleged by Ms. Heard. Gresham did not deny that these violent acts occurred, but claimed that his conduct was provoked by Ms. Heard's aggression and, therefore, was justified.

1. Gresham complains that the testimony concerning his past

conduct of violence was of such little probative value compared to its prejudicial effect upon the jury as to constitute reversible error, and that in allowing such evidence the trial court acted under the misapprehension that he had no discretion to deny its admission.

" '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cit.]" *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321) (1980).

There was no question here that Gresham was the person involved in the three incidents testified to by the prosecutrix, and the rule is usually applied more liberally with "evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. . . ." *Thomas v. State,* 239 Ga. 734, 737 (238 SE2d 888) (1977); *Lynch v. State,* 164 Ga. App. 317 (2) (296 SE2d 179) (1982). "Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the 'other offenses' rule on questions of both identity and motive [Cits.]" *Haygood v. State,* 154 Ga. App. 633 (1) (269 SE2d 480) (1980). The trial court gave proper instructions both in an opening statement to the jury and in its charge after the close of the evidence in regard to the purpose for which the evidence objected to was offered, and we find no merit in the objections raised here. Accord, *Sherrod v. State,* 157 Ga. App. 351 (2) (277 SE2d 335) (1981).

2. Nor did the trial court err in limiting Gresham's testimony regarding specific instances of past violent conduct by the prosecutrix. The court limited the inquiry of defense counsel to violent conduct by Ms. Heard which occurred at the time of the incident being tried and the three other occasions offered by the state as being similar in nature, but direct and cross-examination was in no way restricted as to these four instances. It has long been the rule that evidence as to difficulties or encounters between the victim and the accused offered to illustrate the basis for the accused's belief that he needed to protect himself are relevant only where they have an obvious connection with, or serve to explain, the facts and circumstances of the offense being tried. See *Milton v. State,* 245 Ga.

20 (262 SE2d 789) (1980); *Baker v. State,* 142 Ga. 619 (83 SE 531) (1914). See also *Daniels v. State,* 248 Ga. 591 (1) (285 SE2d 516) (1981). Gresham was not limited as to any relevant testimony concerning any provocation by Ms. Heard which might form the basis of his defense of justification in the case at bar.

Defense counsel also sought to impeach the testimony of Ms. Heard that she had never attacked Gresham with a knife prior to May 28, 1981, although it does not appear from the transcript that she ever testified to such a fact. The trial court did not err in refusing to permit Gresham to cross-examine the prosecutrix pursuant to OCGA § 24-9-82 (Code Ann. § 38-1802) in this regard because such evidence would not disprove "the facts testified to" by her. See *Bernard v. State,* 159 Ga. App. 99 (1) (282 SE2d 733) (1981).

Moreover, this evidence was not properly offered under OCGA § 24-9-84 (Code Ann. § 38-1804). "Under that statute '(a) witness whom it is sought to impeach because of bad character must be shown to be of general bad character; special acts are not admissible. [Cit.]' [Cit.] Applying this standard to the proffered testimony of the 'impeaching' witness in the instant case shows that it related to specific acts by, not the general character of, the victim and was not admissible for the purpose of impeachment." *Ailstock v. State,* 159 Ga. App. 482, 483-4 (283 SE2d 698) (1981); *McClain v. State,* 165 Ga. App. 264 (5) (299 SE2d 55) (1983). A witness' opinion of a party's character which is based solely upon the witness' personal observation of the party is not an approved mode of character evidence and is subject to being struck. *Franklin v. State,* 251 Ga. 77 (2) (303 SE2d 22) (1983).

We find no ground for reversal for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 3, 1984 —
REHEARING DENIED JANUARY 17, 1984 — 

*Howard Tate Scott,* for appellant.
*Ken Stula, Solicitor, N. Kent Lawrence, Assistant Solicitor,* for appellee.