### 72204. BLACKWELL v. THE STATE.
### (344 SE2d 759)

BANKE, Chief Judge.

The defendant was convicted of the burglarizing of a houseboat, of receiving property stolen from the houseboat, and of receiving property stolen in a separate burglary of another residence. *Held*:

1. The defendant contends that the state impermissibly placed his character in issue by introducing evidence that, some six years earlier, he had been convicted of burglarizing the same houseboat as was the subject of the first two courts of the indictment for which he was on trial.

"Evidence of other offenses is admissible only 'if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused.' *Johnson v. State*, 242 Ga. 649 (3) 652-653 (250 SE2d 394) (1978)." *Carroll v. State*, 155 Ga. App. 514, 515 (271 SE2d 650) (1980). "Purposes for which evidence of previous criminal acts might be offered, other than to show criminal character, include: Motive; intent; absence of mistake or accident; plan or scheme, of which the crime on trial is a part; and identity. [Cits.]" *Walraven v. State*, 250 Ga. 401, 408 (297 SE2d 278) (1982).

The houseboat in question was in the same location and was owned by the same party during both burglaries. Furthermore, the owner testified that one of a matched set of two stereo speakers was taken in the prior burglary and that its mate was taken during the offense for which the defendant was on trial. Under such circumstances, a jury could reasonably have found a logical connection between the two crimes such that, in conjunction with the other evi-

dence, proof of the former tended to prove the defendant's involvement in the latter. Consequently, we hold that the evidence was properly admitted. Accord *Thomas v. State*, 239 Ga. 734 (5) (238 SE2d 888) (1977); *Gresham v. State*, 169 Ga. App. 525 (1) (314 SE2d 111) (1984); *Lynch v. State*, 164 Ga. App. 317 (2) (296 SE2d 179) (1982); *Haygood v. State*, 154 Ga. App. 633 (1) (269 SE2d 480) (1980).

2. The defendant also complains of three other occasions in which witnesses were allowed to allude to non-charged misconduct on his part. One such witness made reference to having seen the defendant smoke marijuana, while another implied that the defendant had a drinking problem. The third instance involved a reference to a DUI charge against the defendant, which had been disclosed earlier in the trial without objection.

In contrast to the situation in *Posey v. State*, 152 Ga. App. 216 (262 SE2d 541) (1979), relied upon by the defendant, none of these three witnesses were experienced police officers, and there is no suggestion that the state deliberately elicited any of the testimony in an attempt to bolster a weak case. Compare *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978). Furthermore, in each instance, the offending testimony was quickly followed by curative instructions from the bench.

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned." *Holcomb v. State*, 130 Ga. App. 154, 155 (202 SE2d 529) (1973). In this case, we find the trial court's curative instructions adequate and hold that it was not error to deny the motions for mistrial.

3. The defendant enumerates as error the court's refusal to allow testimony concerning a comment made to him by another witness, which comment allegedly established that another party had a motive to commit the crimes. As the testimony in question was hearsay, it was properly excluded. Compare *Ladson v. State*, 248 Ga. 470 (4) (285 SE2d 508) (1981).

4. The defendant contends that certain testimony concerning the value of the stolen items which were the subject of Count 3 of the indictment should have been stricken as being without proper foundation. This contention is without merit. "Testimony of the owner of the value of stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of 'everyday objects' is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas." *Moore v. State*, 171 Ga. App. 911 (2) (321 SE2d 413) (1984).

See also *Ragsdale v. State*, 170 Ga. App. 448 (317 SE2d 288) (1984).

5. The offense of theft by receiving, set forth in Count 2 of the indictment, concerned the items stolen from the houseboat and therefore merged with the burglary offense. The conviction entered on that count must consequently be vacated.

6. The defendant's remaining enumerations of error have been carefully considered and determined to be without merit.

*Judgment affirmed in part and vacated in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 24, 1986.

*Jane Kent-Plaginos*, for appellant.

*Rafe Banks III, District Attorney, T. Russell McClelland II, Assistant District Attorney*, for appellee.