## A89A0398. ISBELL v. THE STATE.
### (378 SE2d 529)

DEEN, Presiding Judge.

Alvin Wayne Isbell was convicted of terroristic threats and acts, obstruction of a police officer, and public drunkenness.

1. Isbell first contends that the trial court erred in granting the State's motion to permit evidence of similar transactions to be introduced at trial because the notice that the State gave him did not conform with Superior Court Rule 31.3.

The transcript reveals that appellant made no objection to this issue at the hearing on the motion. Objections to the notice requirements of the Uniform Superior Court Rules must be raised in the trial court and not for the first time on appeal. Cohn v. State, 186 Ga. App. 816 (368 SE2d 572) (1988).

2. The trial court did not err in granting the State's motion to allow similar transactions to be introduced into evidence.

The evidence showed that the sheriff's office received a report that a man was lying in a county road. When the sheriff and a deputy investigated, they found Isbell and a dog lying in the road. Appellant smelled of alcohol and appeared to be intoxicated. When Isbell was arrested, he set the dog on the sheriff and fled to a nearby house. The sheriff and deputy followed him, caught and handcuffed him. While they were walking to the patrol car, Isbell fought with them, and kicked the sixty-nine-year-old sheriff in the legs and face, fracturing his nose and inflicting an injury to his face which required stitches. The sheriff obtained a rope from the house, tied Isbell's feet and put him in the back seat of the patrol car with the assistance of the deputy and others. All during the incident, Isbell cursed the sheriff and deputy and threatened to kill them.

As the State anticipated that appellant would attempt to portray the fight as being unique and caused by the sheriff's actions, it sought to introduce evidence of similar instances of crimes against police officers (including the sheriff who arrested him in this case) while he was intoxicated.

We find that the conditions for admissibility were established: (1) the defendant was the perpetrator of the independent crime; and (2)

there was a sufficient similarity or connection between the independent crime and the offense charged so that the former tended to prove the latter. *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976). The evidence was offered to establish Isbell's motive, intent, bent of mind, and to show this is a typical way in which appellant deals with the police and, in particular, with Sheriff English as one of the prior offenses involved a similar altercation with him. See *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982); *Sherrod v. State*, 157 Ga. App. 351 (277 SE2d 335) (1981).

3. Appellant's argument that he was subjected to double jeopardy because he was tried for both terroristic threats and acts and obstruction of an officer must also fail as neither is included in the other as a matter of law or fact. The two offenses involved proof of distinct essential elements. Compare OCGA §§ 16-11-37 and 16-10-24. See also *Martin v. State*, 185 Ga. App. 145 (363 SE2d 765) (1987). Threatening to murder a law enforcement officer is not an essential element of obstruction of that officer and vice versa. The threats were of murder, and the obstruction consisted of acts of violence which included kicking the sheriff in the leg and face.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED FEBRUARY 9, 1989.

*Jimmy D. Plunkett*, for appellant.
*Ronnie A. Wheeler, Assistant District Attorney*, for appellee.