46394. GAITHER v. THE STATE.
(378 SE2d 464)

BELL, Justice.

The appellant, Gus Gaither, was convicted of the malice murder of his fiancee's five-year-old son and of cruelty to children. Gaither received a life sentence for murder and a ten-year prison term for cruelty to children, to run concurrent with the life sentence.[1] Gaither now appeals, contending that the trial court improperly restricted his cross-examination of a state's witness and that the evidence is insufficient to support his conviction. We affirm.

Gaither lived with his fiancee, Sheila Collins, and her five-year-old son, Maurice. On December 17, 1987, Sheila went to work about 2:00 p.m. and returned home about 10:30 p.m. During that time Gaither stayed at home with Maurice. When Sheila arrived home that evening, she found Maurice lying unconscious on the bathroom floor. She asked Gaither what was wrong, and he answered that he thought Maurice had had a seizure. Sheila noticed bruises on Maurice's legs, and asked Gaither how that happened. Gus responded that he had spanked Maurice with a shoe earlier in the day for wetting his clothes.

Gaither was subsequently arrested and gave a statement to the police. He said that at about 7:00 p.m. on the evening of December 17

---

[1] The crimes occurred on December 17, 1987. Gaither was indicted on January 15, 1988, and tried from May 31 to June 2, 1988. The jury returned its guilty verdict on June 2. Gaither filed a motion for new trial on June 30, 1988, and the court reporter certified the transcript on September 6. The trial court denied Gaither's motion for new trial on September 28, and Gaither filed his notice of appeal on October 24. The appeal was docketed in this court on November 16, and was submitted on briefs without oral arguments on December 30.

he spanked Maurice on his buttocks and legs for wetting his pants. He spanked him with a shoe about five times and hit him twice with an electrical cord. He stated that Maurice did not cry when he spanked him, so as further punishment he had him do push-ups and sit-ups. He also stated that he gave Maurice a boxing lesson later in the evening, but did not hurt him. He said that after eating dinner Maurice went to his room about 9:00 p.m. to practice pronouncing certain words. After Maurice studied awhile, Gaither and Maurice went to the living room where they played a game. The game consisted of Gaither picking up Maurice to eye level with Gaither and then dropping him. The purpose of the game, according to Gaither, was to help Maurice practice keeping his balance. However, after Gaither dropped him on one occasion, Maurice stumbled backwards and hit his head on the floor. Maurice began having convulsions and eventually lost consciousness.

At trial Gaither testified to essentially the same events that he recounted in his statement.

Dr. Keith Norton performed an autopsy on Maurice's body. Dr. Norton testified that Maurice had numerous bruises and scratches on his legs and back, including one fresh, severe bruise that stretched across the entire lower back just above the buttocks. Maurice also had several bruises on his arms, and one severe bruise near the top front of his head. Maurice died from the bruise to the head; it caused blood to accumulate inside the head, thus stopping blood flow to vital parts of the brain. Dr. Norton testified that the head injury was consistent with the child being struck with a fist with considerable force or being held by the feet and dropped on his head, but not with the child having stumbled backwards and fallen on the floor. He also testified that the severe bruise across the lower back would not likely be caused by a child stumbling and falling backwards on the floor. Dr. Norton found no bruises on the back of Maurice's head.

1. Gaither contends that the evidence is insufficient to support his convictions. However, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Gaither guilty of murder and cruelty to children beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gaither also contends that the trial court improperly limited his cross-examination of a state's witness. We find, however, that the court did not improperly restrict Gaither's right of cross-examination. OCGA § 24-9-64; *White v. State*, 253 Ga. 106, 110 (4) (317 SE2d 196) (1984). Moreover, we find that even if the court did err in restricting Gaither's cross-examination of the witness, the error was harmless in view of the fact the testimony sought to be elicited by Gaither from this witness would have been cumulative of other testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

A. Nevell Owens, for appellant.
Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.