## A92A1816. CAMPBELL v. COZAD et al.
(427 SE2d 515)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Jeffery Ray Campbell brought suit against appellees/defendants Margaret Elizabeth Cozad and John Warren Cozad for damages arising from an automobile collision at an intersection. This appeal is from the order of the trial court denying appellant's motion for new trial and amended motion for new trial. *Held*:

1. Appellant asserts the trial court erred by denying his motion for new trial, because it erroneously failed to charge the general speed restrictions of OCGA § 40-6-180 notwithstanding appellant's timely submission of a written proposed instruction at the commencement of trial and his subsequent timely exception to the failure to charge.

Appellant's request to charge, after reciting a standard introductory clause, merely recited verbatim the provisions of OCGA § 40-6-180. Included within the requested charge were references to a non-existing railroad crossing, a winding road, and a hill crest; also reference was made to special hazards which may exist with respect to pedestrians.

There is some evidence that, although appellee Mrs. Cozad was not exceeding the speed limit, she did not reduce her speed as she approached the intersection. See generally *Stein Enterprises v. Chatham County*, 200 Ga. App. 385, 387 (4) (408 SE2d 173). However, pretermitting whether the evidence reasonably raised and addressed certain issues covered in the proposed charge is whether the proposed charge was adequately tailored to the admissible evidence of record.

The request to charge was partially inapt and not adequately adjusted to the evidence; as above noted, it referred to several situations or conditions the existence of which was not reasonably raised by the evidence. Reversible error will not be found in the refusal of the trial court to give a charge which, while constituting a correct statement of an abstract principle of law, was not adjusted to the evidence introduced at trial. *Department of Transp. v. Freeman*, 187 Ga. App. 883, 884 (1) (371 SE2d 887). " 'If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper.' " *Mattox v. MARTA*, 200 Ga. App. 697, 698 (2) (409 SE2d 267); accord *Continental &c. Corp. v. Reeves*, 204 Ga. App. 120, 127 (3) (419 SE2d 48).

Additionally, the requested charge posed a fair risk of confusing or misleading the jury by referring to situations and conditions not in evidence. Cf. *Anderson v. State*, 262 Ga. 26 (1), (2) (413 SE2d 732). A

trial court does not err in refusing to give an instruction which, although partially correct, could otherwise mislead or confuse the jury. See *Jones v. State*, 200 Ga. App. 519, 521 (2c) (408 SE2d 823).

Whether the trial court could have given the requested charge, as drafted, without injecting reversible error into the record (compare *McCoy v. Alvista Care Home*, 194 Ga. App. 599, 601 (391 SE2d 419) with *Washington v. State*, 194 Ga. App. 756, 759 (5) (391 SE2d 718)) is not the issue. Rather, the issue is whether the trial court committed reversible error in refusing to give the requested charge; the trial court did not commit such error.

2. The investigating officer was called as a witness for appellees/defendants. Thereafter, appellant/plaintiff called his mother as a witness to testify as to a conversation she had with the officer wherein the officer purportedly stated that he had investigated the accident and found it to be appellee Mrs. Cozad's fault. The trial court sustained appellees' objection to this testimony.

Appellant asserts the trial court erred by denying his motion for new trial, because it erroneously excluded certain evidence by sustaining appellees' objection and directing the jury to disregard the affirmative answer of appellant's mother, Mrs. Johnson, to the following question: "Did Officer Purser make any statements to you at that time as to what his investigation revealed insofar as who was at fault or had caused the collision?"

Appellant made the following offer of proof a matter of record: "[Q] Mrs. Johnson, what did the officer tell you at that time? [A] He assured me that . . . the accident was not [appellant's] fault. He said the lady ran the stop sign and hit [appellant] in the driver door. . . . [Q] Did he say that was what his investigation revealed? [A] That's what his police report said. . . . [Q] The first investigation, then. [A] That's what he had on his police report. He had . . . the police report with him. . . . [Q] Did he tell you that he had investigated the collision and found that it was Mrs. Cozad's [appellee's] fault? [A] Yes."

Appellant contends on appeal, as he did before the trial court, that the questions and expected answers were admissible for the purpose of impeachment and rebuttal. Appellant does not contend that the excluded testimony in his appellate brief was admissible under OCGA § 24-9-68; accordingly, any such issue is deemed to have been abandoned. Court of Appeals Rule 15 (c) (2).

Appellees' counsel objected timely to the admission of the testimony on the grounds, inter alia, that the officer had not been questioned previously regarding any prior conversations with appellant's mother; this, in substance, was an objection based on lack of adequate foundation to admit a prior inconsistent statement, and constituted an adequate, albeit unartful statement, of what the proper foundation should be within the meaning of *Sinkfield v. State*, 201 Ga. App. 284

(411 SE2d 68). The record reveals appellant did not lay an adequate foundation for the admission of the conversation between the officer and appellant's mother into evidence as a prior inconsistent or contradictory statement of the officer. Thus, the testimony was not admissible on this particular ground (OCGA § 24-9-83), as a witness may not be impeached by proof of contradictory statements without first laying the requisite statutory foundation. *Downside Risk v. MARTA*, 168 Ga. App. 202, 204 (2) (308 SE2d 547).

However, a witness may also be impeached by disproving material facts testified to by him (OCGA § 24-9-82), and no foundation is required for admission of evidence for this specific purpose (*Cartin v. Boles*, 155 Ga. App. 248, 256 (7) (270 SE2d 799)). Impeachment conducted solely in reliance on the plain language of this statute does not extend to an impeachment of the mere expression of an opinion by a witness (see OCGA § 24-9-82), although any facts testified to in support of that opinion would, of course, be subject to impeachment by disproof thereof (compare *Eason v. State*, 260 Ga. 445, 446 (396 SE2d 492)). The officer's purported statement to appellant's mother that he had found appellant not to be at fault would, if at all, serve only to rebut that portion of his own testimony wherein he *tacitly opined* the accident was due to appellant's fault; such a purported statement would not rebut a *fact* to which the officer testified. Accordingly, evidence that the officer previously had voiced his opinion to the witness that appellant was not at fault was inadmissible under OCGA § 24-9-82.

There remains to consider, however, that portion of the offer of proof wherein the officer purportedly informed the mother of the fact that appellee Mrs. Cozad stated she had run a stop sign and hit appellant. First, we note that the *offer of proof* did not include any statement of *fact*, attributed to said appellee, regarding which particular street she was driving on at the time of the collision; however, it did include the statement that appellee ran a stop sign and hit appellant. The officer had been called as a defense witness, and testified that Mrs. Cozad had pointed and indicated she had been traveling north on Dixon Industrial Boulevard; that *she must have run the stop sign*, and that she did not realize they had put a stop sign there. He further testified on cross-examination that Mrs. Cozad had made a statement at the scene of the collision, which was summarized as follows: "She was north on Dixon Industrial Boulevard, south of Noah's Ark Road. *She didn't realize the stop signs were in place at Noah's Ark Road requiring her to stop. She drove through the stop signs and struck the vehicle* which was west on Noah's Ark Road." (Emphasis supplied.) As the officer did not testify that Mrs. Cozad denied in her statement that she had driven through a stop sign and had struck appellant's vehicle, the trial court did not err in refusing

to permit appellant to cross-examine the officer in this regard, because such evidence, *as established by the scope of the proffered testimony*, would not disprove the facts as actually testified to by the officer. See *Gresham v. State*, 169 Ga. App. 525, 527 (2) (314 SE2d 111).

The officer further admitted on cross-examination that he had prepared a certain diagram of the collision in his initial police report, which was a pictorial representation of his narrative of the collision as he understood it on the day of the collision, but explained that his initial police report was incorrect. Moreover, the officer subsequently admitted that in the initial police report appellant was listed as having engaged in no contributing factors regarding the collision, but that Mrs. Cozad had failed to yield and disregarded a stop sign; and that on the initial supplemental report, the officer had indicated "Mrs. Cozad had said the accident was her *fault*." (Emphasis supplied.) As these matters were admitted by the witness, the excluded evidence would not have served to disprove them in any event. *Gresham*, supra. As the excluded evidence neither was admissible under OCGA §§ 24-9-82 or 24-9-83, it remained inadmissible hearsay testimony. Accordingly, we find that the trial court did not err in excluding the evidence at issue in this enumeration.

Additionally, assuming arguendo error had occurred as enumerated, we are satisfied that in view of the posture of the record such error would have been harmless. OCGA § 9-11-61; see *Gaither v. State*, 259 Ga. 200 (2) (378 SE2d 464).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 13, 1993 —
RECONSIDERATION DENIED JANUARY 29, 1993 — ▮▮▮▮▮▮

*William L. Skinner*, for appellant.
*Joe O'Connor, Albert B. Wallace*, for appellees.